IN THE MATTER OF THE APPEAL FROM THE ISSUANCE OF A CAMA MINOR DEVELOPMENT PERMIT NO. 82-0010 TO FORD S. WORTHY BY TOWN OF BATH AND BATH PRESERVATION ASSOCIATION

No. 852SC1157

(Filed 15 July 1986)

1. **Municipal Corporations § 30.11— zoning restrictions on marinas—proper**

An amendment to a zoning ordinance prohibiting further development of wet and dry boat storage at marinas in Bath was not unconstitutionally adopted where the evidence in the record supported the conclusion that the regulation of marinas by prohibiting further development of wet and dry boat storage would achieve the objectives of maintaining aesthetic qualities and water quality control, which are within the police power of the State and are consistent with the Coastal Area Management Act; moreover, the ordinance promotes the public welfare and its benefit to the public substantially outweighs any interference with private property rights. N.C.G.S. § 113A-102.

2. **Municipal Corporations § 30.22— restrictions on marinas—petitioner not arbitrarily singled out**

The trial court's findings of fact supported its conclusion that ordinances in the Town of Bath restricting marinas were not arbitrarily aimed at petitioner "due to the consideration of other pending marina issues by the Town . . . ."

In re Appeal of CAMA Permit

3. **Municipal Corporations § 30.21— revisions to zoning ordinance—new hearing not required**

Revisions to a zoning ordinance were not void for failure of the Town to follow its own procedural rules and those of N.C.G.S. § 160A, Art. 19, where the Town Planning Board considered standards relating to marinas in connection with the revised zoning ordinance and updated Land Use Plan during the spring of 1982 and certified proposed zoning ordinances to the Town Board of Commissioners; a public hearing was held in which petitioner participated and revisions were made as a result of public comment received at the hearing; and the revisions were adopted as a part of the revised zoning ordinance on 14 June.

4. **Municipal Corporations §§ 30.20, 31— proposed zoning ordinance—revisions—additional public hearing not necessary**

The Town of Bath was not required to hold another public hearing on revisions to a proposed zoning ordinance or to refer the ordinance back to the Planning Board where the proposed ordinance was properly noticed for public hearing; the notice pertained to the entire proposed ordinance and was sufficiently broad to indicate the possibility of substantial changes as a result of public discussion; and the meeting was attended by a large number of citizens and the provisions relating to marina development were the subject of considerable discussion, including comments and proposed changes by petitioner. Moreover, petitioner was banned from attacking the validity of the amendment on procedural grounds by the statute of limitations. N.C.G.S. § 160A-364.1, N.C.G.S. § 1-54.1.

5. **Municipal Corporations § 31— revocation of development permit—moot—N.C.G.S. § 160A-385 not retroactive**

The question of whether the revocation of a CAMA minor development permit was proper was rendered moot by the adoption of a revised zoning ordinance and the revocation of petitioner's certificate of compliance. A subsequent amendment to N.C.G.S. § 160A-385 prohibiting such revocations was not intended to apply retroactively and petitioner did not show that he made any substantial expenditures in reliance upon the certificate of compliance.

6. **Municipal Corporations § 31.2— town allowed additional time to file evidence—raised for first time on appeal**

Petitioner could not raise for the first time in the Court of Appeals the issue of whether he was prejudiced in a hearing concerning the revocation of a CAMA permit by the trial court's allowing the Town additional time to file documentary evidence and affidavits where, although petitioner took exception to the additional time, there was nothing in the record to indicate that he objected to the court's consideration of those affidavits or that he sought a continuance in order to obtain additional affidavits of his own or an opportunity to offer evidence in rebuttal.

APPEAL by petitioner from *Watts, Judge.* Order entered 22 May 1985 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 12 March 1986.

On 5 March 1982, petitioner, Ford S. Worthy, Jr., submitted an application, pursuant to the Coastal Area Management Act (CAMA), to the local CAMA permit officer for Beaufort County for a permit to build a marina on his property located on Bath Creek within the planning jurisdiction of the Town of Bath. The proposed marina was to consist of boat slips for wet boat storage, parking, shower and restroom facilities, and gasoline and diesel fueling facilities. Petitioner was informed by the local permit officer that he needed to obtain a certificate from the Administrator of the Town of Bath that the proposed project complied with the town's zoning ordinance. On 6 March 1982, petitioner filed his application for a certificate with the Administrator of the Town of Bath and later revised the application on 6 April 1982, reducing the number of boat slips, number of parking spaces, and length of piers originally proposed.

On 15 April 1982, petitioner was issued a certificate of compliance by the Town of Bath subject to the condition that if an impending proposed new zoning ordinance be adopted, the certificate would be revoked. Thereafter, on 3 June 1982, the local CAMA permit officer issued petitioner a conditional CAMA minor development permit and a building permit subject to five conditions unrelated to the impending proposed zoning ordinance. On 8 June 1982, petitioner accepted the permit and the conditions set forth therein.

On 16 June 1982, the Town of Bath notified petitioner that his conditional certificate of compliance had been revoked, as provided by the condition attached to its issuance. On 21 June 1982, the Town filed notice of appeal to the Coastal Resources Commission, requesting an administrative hearing to review the issuance of the CAMA minor development permit to petitioner. After a hearing, the Coastal Resources Commission issued an Order dated 19 May 1983 revoking the permit due to an impermissible delegation of authority in one of the conditions imposed by the local permit officer.

Petitioner filed a petition for judicial review of the agency's decision on 15 June 1983. Respondent Coastal Resources Commission (Commission) responded to the petition and thereafter moved to dismiss it on the grounds of mootness. The motion to dismiss was based on revisions to the Zoning Ordinance for the Town of

Bath, adopted by the Town Board of Commissioners on 14 June 1982, and amendments to the town's Land Use Plan adopted 8 August 1982, which, *inter alia*, prohibited further development of marinas which provided for either wet or dry boat storage. The Commission alleged that the Town of Bath had revoked, on 16 June 1982, the conditional certificate of compliance issued before the revision to the zoning ordinance, and that no construction had been initiated by petitioner. Petitioner replied, alleging that procedural irregularities and substantive due process violations in the adoption of the revised zoning ordinance rendered the ordinance invalid.

After a hearing, the trial court made findings of fact and concluded that the revised zoning ordinances adopted by the Town of Bath on 14 June 1982 were valid and, by reason thereof, the petition for judicial review had been rendered moot. From an order dismissing the petition, petitioner appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Daniel F. McLawhorn, for Coastal Resources Commission, respondent appellee.*

*McMullan & Knott, by Lee E. Knott, Jr., for petitioner appellant.*

*Wayland J. Sermons, Jr., for Town of Bath, respondent appellee.*

MARTIN, Judge.

Assigning error to the dismissal of his petition for judicial review, petitioner contends that the amendment to the zoning ordinance, regulating marina development, was void *ab initio* because the Town of Bath violated procedural rules and substantive due process in amending the zoning ordinance. In the alternative, the petitioner contends that the trial court erred by not granting him, before it ruled on the motion to dismiss, an opportunity to respond to affidavits submitted by the Town of Bath in support of the motion. We have reviewed each of his contentions and affirm the order dismissing the petition.

[1] Petitioner initially contends that the amendment to the zoning ordinance was unconstitutionally adopted and void *ab initio* because the Town of Bath acted in "an unreasonable, discrimina-

tory, illegal, arbitrary, and capricious manner" in amending the zoning ordinance to prohibit the development of wet and dry storage facilities at marinas. It is petitioner's argument that Bath's actions in amending the zoning ordinance were outside the scope of its authority, inconsistent with the Coastal Area Management Act, and purposely aimed at preventing the development of petitioner's project. We disagree.

In *Goodman Toyota, Inc. v. City of Raleigh,* 63 N.C. App. 660, 306 S.E. 2d 192, *disc. rev. denied,* 310 N.C. 477, 312 S.E. 2d 884 (1983), this Court outlined a two pronged test to determine whether zoning regulations comply with substantive due process.

> First, the regulation must be designed to achieve objectives within the scope of police power. Second, it must seek to achieve those objectives by reasonable means, *Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 71 L.Ed. 303, 47 S.Ct. 114 (1926). Whether the means are reasonable depends on their promotion of the public good and their reasonably minimal interference with the property owner's right to use his property as he deems appropriate. *ASP Associates v. City of Raleigh,* 298 N.C. 207, 214, 258 S.E. 2d 444, 449 (1979).

*Id.* at 663, 306 S.E. 2d at 194.

Our Supreme Court has held that aesthetic considerations alone may be the basis for ordinances and is a legitimate exercise of the police power. *State v. Jones,* 305 N.C. 520, 290 S.E. 2d 675 (1982).

> Aesthetic regulation may provide corollary benefits to the general community such as protection of property values, promotion of tourism, indirect protection of health and safety, preservation of the character and integrity of the community, and promotion of the comfort, happiness, and emotional stability of area residents.

*Id.* at 530, 290 S.E. 2d at 681.

Support for using aesthetic, as well as water quality control, considerations as the basis for ordinances is found in the Coastal Area Management Act, G.S. 113A-100 *et seq.,* the provisions of which extend coverage of the Act to include the Town of Bath. The Coastal Area Management Act states as one of its legislative findings and goals the following:

> In the implementation of the coastal area management plan, the public's opportunity to enjoy the physical, esthetic, cultural, and recreational qualities of the natural shorelines of the State shall be preserved to the greatest extent feasible; water resources shall be managed in order to preserve and enhance water quality and to provide optimum utilization of water resources.

G.S. 113A-102(a).

The Act requires that the municipality develop a land use plan which is "consistent with the goals of the coastal area management system as set forth in G.S. 113A-102," G.S. 113A-110(a), and that the local ordinances be consistent with the local land use plan, G.S. 113A-111. The pertinent goals of the coastal area management system are the following:

> (3) To insure the orderly and balanced use and preservation of our coastal resources on behalf of the people of North Carolina and the nation;

> (4) To establish policies, guidelines, and standards for:

> a. Protection, preservation, and conservation of natural resources including but not limited to water use, scenic vistas, and fish and wild life; . . . :

> . . .

> c. Recreation and tourist facilities . . . ;

> . . .

> e. Preservation and enhancement of the historic, cultural, and scientific aspects of the coastal area;

> f. Protection of present common-law and statutory public rights in the lands and waters of the coastal area.

G.S. 113A-102(b). In *Adams v. North Carolina Dept. of Natural and Economic Resources*, 295 N.C. 683, 249 S.E. 2d 402 (1978), the sole case construing the Coastal Area Management Act, our Supreme Court held "that the unique, fragile and irreplaceable nature of the coastal zone and its significance to the public welfare amply justify the reasonableness of the special legislative treatment." *Id.* at 693, 249 S.E. 2d at 408.

In the present case, the record reveals that the stated purposes for the revised zoning ordinance, which included the prohibition of further development of wet and dry boat storage at marinas, were (1) protection of the rights of fishing and navigation in Bath and Back Creeks, (2) protection of water quality to promote the commercial and recreational fishing industry, and (3) to require that development have no negative impacts upon the Town of Bath's aesthetic qualities. The revised zoning ordinance also included regulations on docks and length of piers, boats with open heads, fuel pumps, and storm water runoff protection devices. The local land use plan indicates that two significant characteristics of the Town of Bath are its historic character and natural water bodies. The evidence in the record supports the conclusion that the regulation of marinas by prohibiting further development of wet and dry boat storage will achieve the objectives of maintaining aesthetic qualities and water quality control which is within the police power of the State and is consistent with the Coastal Area Management Act.

We also conclude that the revised zoning ordinance achieves its objectives by reasonable means. The means are reasonable if the promotion of the public good outweighs the interference of the property owner's right to use his property as he deems fit. *Goodman Toyota, Inc. v. City of Raleigh, supra.* The record reveals that a property owner may still build piers and wharves; and he can use the land for other commercial purposes, including hotels, motels, restaurants, condominiums, and sales establishments. The ordinance promotes the public welfare in that it protects existing water quality, protects against unattractive structures, and preserves the fishing and recreational uses of Bath Creek, and its benefit to the public substantially outweighs any interference with private property rights.

[2] As to petitioner's contention that the Town, by adopting the revised zoning ordinance, had arbitrarily singled out and rendered impermissible his proposed project, the trial court found the following pertinent facts:

14. On February 8, 1982, the petitioner attended a Bath Planning Board meeting and participated in its continued discussions from prior meetings which culminated with a unanimous vote to eliminate marinas as an accepted use in

the new Zoning Ordinances, with a second Motion carrying unanimously to develop strong marina standards if the Bath Town Board did not favor eliminating marinas entirely. This recommendation was part of a comprehensive set of proposed ordinances governing marinas, other docks, and water related development activities.

15. On March 6, 1982, the petitioner filed his first application to develop the marina site which site is the subject of the petition for judicial review. The petitioner supplemented the application by submission of additional materials on March 8, and 12, 1982.

16. On March 22 [sic], 1982, the Bath Town Board considered the above described recommendations of the Bath Planning Board and instructed the Planning Board to adopt stringent marina standards. The petitioner attended the meeting. The Board also considered a request to rezone an existing marina to a conforming use.

. . .

18. On April 15, 1982, the Town Zoning Administrator issued petitioner a Conditional Certificate of Zoning Compliance which included a notice that should a proposed zoning ordinance now pending before the Bath Town Council, which would render the certificate invalid, be adopted, the certificate will be revoked.

19. At the May 10, 1982 meeting of the Bath Town Board, the Bath Planning Board certified proposed zoning ordinances on marina standards to the Town Board. The Town Board set a public hearing on the proposed ordinances for June 8, 1982 and ordered notice of the hearing be published.

20. At the May 27, 1982 [sic] Bath Town Board held a special meeting during which Commissioner Ira Hardy stated to all in attendance, including petitioner, that he felt the overwhelming majority of people opposed adding more dry and wet dock storage facilities and that he would be interested in further discussion of the issue at the June 8, 1982 public hearing.

21. On June 14, 1982, the Town Board adopted the *Zoning Ordinances for the Town of Historic Bath, 1982.* The

marina ordinances proposed by the Planning Board were amended to ban the construction of additional commercial wet and dry boat storage facilities. The amendments reflected comments and discussion at the June 8 public hearing.

22. On June 16, 1982, the Zoning Administrator notified the petitioner that his Conditional Certificate of Zoning Compliance was revoked due to its inconsistency with the zoning ordinance adopted on June 14, 1982. The petitioner had not undertaken any development of the marina when the certificate was revoked.

Findings of fact Nos. 15 and 18 were excepted to but not brought forward in petitioner's brief, therefore the exceptions are deemed abandoned. *Baker v. Log Systems, Inc.*, 75 N.C. App. 347, 330 S.E. 2d 632 (1985). Those findings along with findings of fact Nos. 14 and 19 which were not excepted to, are presumed to be supported by competent evidence and are conclusive on appeal. *Anderson Chevrolet/Olds, Inc. v. Higgins*, 57 N.C. App. 650, 292 S.E. 2d 159 (1982). Except for an apparently inaccurate date in finding of fact 16, the remaining findings of fact are amply supported by competent evidence appearing in the record, and the findings are therefore binding upon us. *Lumbee River Electric Membership Corp. v. City of Fayetteville*, 309 N.C. 726, 309 S.E. 2d 209 (1983). These findings of fact fully support the trial court's conclusion that "[d]ue to the consideration of other pending marina issues by the Town, . . . the ordinances were not arbitrarily aimed at the petitioner."

[3] Petitioner's second contention is that the revisions to the zoning ordinance were void *ab initio* because the Town of Bath failed to follow its own procedural rules and those established by Chapter 160A, Article 19 of the General Statutes in enacting the revisions. Specifically, petitioner claims that the Town Board of Commissioners did not file the proposed amendments relating to marina development with the town clerk and refer it to the Planning Board for its recommendation and report before adoption as required by Section 12.03 of the Bath Zoning Ordinance and G.S. 160A-387. Petitioner further claims that the Town did not hold a duly advertised public hearing.

The record reveals that the Town Planning Board considered standards relating to marinas in connection with the revised zon-

ing ordinances and updated Land Use Plan during the spring of 1982 and certified proposed zoning ordinances on marina standards to the Town Board of Commissioners. A public hearing was held on 8 June 1982, in which petitioner participated, and revisions in the proposals submitted by the Planning Board were made as a result of public comment received at the public hearing. The revisions were adopted as a part of the revised zoning ordinance on 14 June. The procedural irregularities claimed by petitioner do not exist.

[4] Petitioner argues that because the proposed zoning ordinance allowed for wet and dry storage of boats, the revisions prohibiting such use in connection with the development of a marina amounted to a radical departure from the ordinance as originally proposed and required another referral to the Planning Board and another public hearing. In *Heaton v. City of Charlotte*, 277 N.C. 506, 178 S.E. 2d 352 (1971), our Supreme Court held that

> additional notice and public hearing ordinarily will not be required when the initial notice is broad enough to indicate the possibility of substantial change and substantial changes are made of the same fundamental character as contained in the notice, such changes resulting from objections, debate and discussion at the properly noticed initial hearing.

*Id.* at 518, 178 S.E. 2d at 359-60. The proposed zoning ordinance contained substantial revisions pertaining to marina development and was properly noticed for public hearing. The notice pertained to the entire proposed zoning ordinance and was sufficiently broad to indicate the possibility of substantial changes in the zoning ordinance, including those provisions relating to marina development, as a result of public discussion. The meeting was attended by a large number of citizens and the provisions relating to marina development were the subject of considerable discussion, including comments and proposed changes submitted by petitioner. Therefore, we conclude that there was no requirement to hold another public meeting or to refer the ordinance back to the Planning Board.

Moreover, even if the record disclosed that the Town of Bath had violated procedural rules in amending the ordinance, petitioner is barred from attacking the validity of the amendment based on procedural grounds by the statute of limitations provid-

ed in G.S. 160A-364.1 and G.S. 1-54.1. More than nine months had passed between the adoption of the ordinance on 14 June 1982 and 8 February 1984, the date petitioner first challenged the validity of the ordinance in his reply to respondents' motion to dismiss his petition for review as moot.

[5]    The trial court concluded that the 14 June 1982 zoning ordinances were valid and, by reason of the provisions of the ordinances regulating marina development, petitioner would be barred from obtaining a building permit and certificate of zoning compliance to construct the proposed marina. Therefore, even if the petitioner prevailed in his effort to overturn the order of the Coastal Resources Commission revoking his CAMA minor development permit, he would not be able to proceed with the proposed project. Thus, concluded the court, the passage of the 14 June 1982 zoning ordinances by the Town of Bath rendered moot any judicial review of the Coastal Resources Commission decision.

The doctrine of mootness applies

[w]henever, during the course of litigation it develops that the relief sought has been granted or that questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

*In re Peoples*, 296 N.C. 109, 147, 250 S.E. 2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L.Ed. 2d 297, 99 S.Ct. 2859 (1979).

The question brought into controversy by the Petition for Judicial Review involved the correctness of the Coastal Resources Commission's order revoking petitioner's CAMA minor development permit. The Commission contended that the question was moot by reason of the adoption of the revised zoning ordinance and amendments to the Town's Land Use Plan, and the Town's subsequent revocation of the certificate of compliance which it had previously issued. In *Keiger v. Winston-Salem Board of Adjustment*, 281 N.C. 715, 719, 190 S.E. 2d 175, 178 (1972), our Supreme Court stated:

It is the rule in this State that *the issuance* of a building permit, to which the permittee is entitled under the existing ordinance, creates no vested right to build contrary to the

provisions of a subsequently enacted zoning ordinance, unless
. the permittee, acting in good faith, has made substantial ex-
penditures in reliance upon the permit at a time when they
did not violate declared public policy. (citations omitted) (em-
phasis original).

Petitioner contends, however, that recently enacted legisla-
tion prohibits the revocation of validly issued building permits
due to subsequent changes in zoning regulations. In 1985, the
General Assembly amended G.S. 160A-385 by adding a new para-
graph:

> Amendments, modifications, supplements, repeal or other
> changes in zoning regulations and restrictions and zone
> boundaries shall not be applicable or enforceable without con-
> sent of the owner with regard to lots for which building per-
> mits have been issued pursuant to G.S. 160A-417 prior to the
> enactment of the ordinance making the change or changes so
> long as the permits remain valid and unexpired pursuant to
> G.S. 160A-418 and unrevoked pursuant to G.S. 160A-422.

Session Laws 1985, Ch. 540, sec. 2 (First Sess. 1985). The amend-
ment became effective 1 October 1985. Petitioner contends that
we should apply the statute retroactively, to the end that the
Town of Bath would have no right to revoke the certificate of
compliance which it had issued before the revisions to the zoning
ordinance. We decline to do so.

It is a generally recognized rule of construction that a statute
will be given prospective application only and not retroactive ap-
plication unless such intent is clearly expressed or arises by nec-
essary implication from the terms of the statute. *Housing
Authority v. Thorpe*, 271 N.C. 468, 157 S.E. 2d 147 (1967), *rev'd on
other grounds*, 393 U.S. 268, 21 L.Ed. 2d 474, 89 S.Ct. 518 (1969);
*Cauble v. City of Asheville*, 314 N.C. 598, 336 S.E. 2d 59 (1985).
We find no intent, either by express terms or by implication, in
the amending act or statute to apply the amendment retroactive-
ly. The Town issued its certificate to petitioner on 3 June 1982
and the amendment to the zoning ordinance was adopted 14 June
1982, more than three years before the effective date of the
amendment to G.S. 160A-385. Clearly, G.S. 160A-385, as amended
and effective 1 October 1985, does not apply to this case.

Petitioner has not shown that he made any substantial expenditures in reliance upon the conditional certificate of compliance issued him. We hold that the Town of Bath acted within its rights in revoking the certificate of compliance after it subsequently adopted revisions to its zoning ordinance prohibiting projects such as that proposed by petitioner. The proper revocation of the certificate by the Town, resulting in an inability by petitioner to proceed with the project, renders moot any decision concerning the propriety of the order of the Coastal Resources Commission revoking the CAMA minor development permit.

[6] Finally, petitioner contends that he was prejudiced when the trial court permitted the Town of Bath additional time to file documentary evidence and affidavits. The record shows that all parties were permitted until 29 March 1985 to submit documentary evidence and affidavits for consideration at a scheduled 9 April 1985 hearing. The Town of Bath objected to its joinder in the proceeding and asserted that, due to insufficient notice, it did not have sufficient time to obtain and file documentary evidence which it desired to offer. The trial court then rescheduled the hearing for 30 April 1985 and granted the Town an extension, until 25 April 1985, to file documentary evidence. The Town filed a number of affidavits on that date. Although petitioner took exception to the court's action in permitting the Town additional time to file documentary evidence, there is nothing in the record before us to indicate that petitioner objected at the hearing to the court's consideration of the affidavits submitted by the Town or that he sought a continuance in order to obtain additional affidavits of his own or any opportunity to offer evidence in rebuttal. Having declined to seek the aid of the trial court, he may not claim prejudice and seek assistance for the first time in this Court.

The order dismissing the petition for judicial review is affirmed.

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.