ROGER D. MESSER AND WILLIAM L. HUNT v. TOWN OF CHAPEL HILL

No. COA95-488

(Filed 7 January 1997)

## 1. Zoning § 158 (NCI4th)— rezoning—taking—unripe claim

The plaintiffs' "takings" claim under N.C. Const. art. I, § 19 was unripe and was properly dismissed by the trial court where the plaintiff landowner and plaintiff interested party challenged the defendant city's rezoning ordnance but did not allege that they had applied for a development permit or a variance. Land-use challenges are not ripe for review until there has been a final decision about what uses of the property will be permitted.

**Am Jur 2d, Zoning and Planning §§ 38 et seq., 213 et seq.**

2. **Zoning § 86 (NCI4th)— city zoning ordinance—due process—unripe—final determination of reasonableness of ordinance.**

Plaintiffs' claim that the defendant city's zoning ordinance violated their due process rights was not ripe for adjudication where there had not been a final determination regarding how the ordinance would affect plaintiffs' property. The test for whether a zoning ordinance is reasonable is (1) whether the ordinance as applied is reasonably necessary to promote the public good and (2) whether the interference with the owner's right to use the property is reasonable in degree. Before a court can determine whether an ordinance is reasonable, there must be a determination as to how the plaintiffs will be affected by the ordinance.

**Am Jur 2d, Zoning and Planning § 42.**

3. **Zoning § 88 (NCI4th)— constitutional claim—police power—adjudication—application for permit or variance**

Plaintiffs' constitutional claim that defendant city's rezoning ordinance was arbitrary and capricious and not a legitimate use of the police power was not ripe for adjudication where plaintiffs made no effort to develop the property, submitted no development plans, and did not attempt to get a variance.

**Am Jur 2d, Zoning and Planning § 42.**

4. **Zoning § 85 (NCI4th)— futility exception—no factual allegation—building permit or variance**

Plaintiffs could not avoid the ripeness doctrine under a "futility exception" where plaintiffs made no factual allegations claiming an application for a building permit or variance would be pointless.

**Am Jur 2d, Zoning and Planning § 39.**

**Standing of owner of property adjacent to zoned property, but not within territory of zoning authority, to attack zoning. 69 ALR3d 805.**

5. **Zoning § 117 (NCI4th)— exhaustion of administrative remedies—nine-month statute of limitations—zoning ordinance**

The property owner's argument that courts should not require plaintiffs to exhaust their administrative remedies prior to bring-

MESSER v. TOWN OF CHAPEL HILL

[125 N.C. App. 57 (1997)]

ing an action challenging the validity of a rezoning ordinance because of statute of limitations considerations was not properly before the Court of Appeals where N.C.G.S. § 160A-364 provides a nine-month statute of limitations for challenging the validity of a zoning ordinance and plaintiffs were able to file their suit within the statutory time frame.

**Am Jur 2d, Zoning and Planning §§ 1044, 1045.**

Judge GREENE dissenting.

Appeal by plaintiffs from order entered 28 February 1995 by Judge Donald W. Stephens in Orange County Superior Court. Heard in the Court of Appeals 1 February 1996.

Plaintiffs' complaint alleges the following facts. Plaintiff William L. Hunt has owned an undeveloped tract of land of approximately 150 acres in the Laurel Hill area of Chapel Hill since 1937. This area is part of Chapel Hill's extraterritorial zoning and planning jurisdiction. Before 22 November 1993, the greater part of the property was zoned R-1, which allowed almost three residential units to be built for every one acre. In November, 1993, an amendment to this zoning ordinance was proposed by the town's Planning Director, a public hearing was held, and the changes were adopted. The amendment included raising the density of certain areas of the town and lowering the density of other areas. The effect of the amendment on Hunt's land resulted in a reduction in the number of residential units permitted on approximately 145 acres of the property. Now, the property is zoned to allow a minimum of five acres for every one housing unit.

Before the passage of the proposed amendment, Hunt's property had a fair market value of approximately three million dollars. Plaintiffs assert that since the zoning changes, the cost of developing the property, with the five acre tract minimum, would be greater than the total sales value of the individual five acre lots. Based on this assessment, plaintiff William L. Hunt and plaintiff Roger D. Messer, an interested party with respect to Hunt's property, filed a complaint on 19 August 1994 challenging the validity of the amendment.

On 21 October 1994, defendant Town of Chapel Hill moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The trial court granted defendant's motion in an order dated 28 February 1995. From this order plaintiffs appeal.

*Robert H. Smith and Michael S. Davis, for plaintiff-appellant.*

*Poyner & Spruill, L.L.P., by S. Ellis Hankins, for defendant-appellee.*

McGEE, Judge.

Although plaintiffs ask this Court to rule on the constitutionality of the November 1993 amendment to the zoning ordinance, the only issue properly before us is whether the trial court erred in granting defendant's motion to dismiss under N.C.R. Civ. P. 12(b)(6). Plaintiffs argue their complaint against the Town of Chapel Hill states a claim for relief, is ripe for adjudication and, therefore, the motion to dismiss should have been denied. We disagree.

We first note that plaintiffs' complaint fails to list or separate their causes of action, making it difficult to determine upon what grounds they seek relief. *See O'Donnell v. Elgin, J. & E. Ry. Co.*, 338 U.S. 384, 392, 94 L. Ed. 187, 193 (1949) ("We no longer insist upon technical rules of pleading, but it will ever be difficult in a jury trial to segregate issues which counsel do not separate in their pleading, preparation, or thinking."). In reading the complaint, it appears plaintiffs are seeking to have the zoning ordinance declared invalid because they allege: 1) it constitutes a taking of private property for public use without payment of just compensation in violation of N.C. Const. art. I, § 19; 2) it violates due process as an improper use of the police power; and 3) it is arbitrary, capricious, and unreasonable.

[1] We first address the "taking" issue. "[A]lthough the North Carolina Constitution does not contain an express provision prohibiting the taking of private property for public use without payment of just compensation, this Court has inferred such a provision as a fundamental right integral to the 'law of the land' clause in article I, section 19 of our Constitution." *Finch v. City of Durham*, 325 N.C. 352, 362-63, 384 S.E.2d 8, 14 (1989). Although not controlling, federal court decisions interpreting the construction and effect of the due process clause of the United States Constitution are persuasive authority in interpreting the "law of the land" clause in our own state Constitution. *McNeil v. Harnett County*, 327 N.C. 552, 563, 398 S.E.2d 475, 481 (1990).

In this case, plaintiffs failed to allege that they filed a development plan or sought a variance in order to determine exactly how, or if, the zoning ordinance would affect their property. The United

States Supreme Court has consistently held that land-use challenges are not ripe for review until there has been a final decision about what uses of the property will be permitted. *See Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1041, 120 L. Ed. 2d 798, 829 (1992) (Blackmun, J., dissenting).

> The ripeness requirement is not simply a gesture of good-will to land-use planners. In the absence of "a final and authoritative determination of the type and intensity of development legally permitted on the subject property," and the utilization of state procedures for just compensation, there is no final judgment, and in the absence of a final judgment there is no jurisdiction.

> This rule is "compelled by the very nature of the inquiry required by the Just Compensation Clause," because the factors applied in deciding a takings claim "simply cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question."

*Id.* (citations omitted). *See also Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195, 87 L. Ed 2d 126, 144 (1985) (a property owner cannot claim a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the proper administrative channels); *Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1453, (claim that zoning ordinance constituted a "taking" of property does not present a concrete controversy ripe for adjudication unless property owner first submits a development plan or applies for a land use permit), *amended by* 830 F.2d 968 (9th Cir. 1987), *cert. denied*, 484 U.S. 1043, 98 L. Ed. 2d 861 (1988). Because plaintiffs did not allege they had applied for a development permit or a variance, we hold their "takings" claim under N.C. Const. art. I, § 19 is unripe and was properly dismissed by the trial court.

[2] Nor do we find plaintiffs' claim that the ordinance violates due process as an improper use of the police power is ripe for adjudication.

> [E]ven if viewed as a question of due process, [the property owners'] claim is premature. Viewing a regulation that "goes too far" as an invalid exercise of the police power, rather than as a "taking" for which just compensation must be paid, does not resolve the difficult problem of how to define "too far," that is, how to dis-

tinguish the point at which regulation becomes so onerous that it has the same effect as an appropriation of the property through eminent domain or physical possession. As we have noted, resolution of that question depends, in significant part, upon an analysis of the effect the Commission's application of the zoning ordinance and subdivision regulations had on the value of [the owners'] property and investment-backed profit expectations. *That effect cannot be measured until a final decision is made as to how the regulation will be applied to [the owners'] property.*

*Williamson County,* 473 U.S. at 199-200, 87 L. Ed. 2d at 147 (emphasis added). When considering a due process challenge on grounds of an invalid exercise of police power, the court must consider if the object of legislation is within the scope of the police power and if the means of regulation are reasonable. *A-S-P Associates v. City of Raleigh,* 298 N.C. 207, 214, 258 S.E.2d 444, 448-49 (1979).

Cities may regulate and restrict the use of property, such as the size of yards and density of population, as part of their power to provide for the physical, social, aesthetic and economic welfare of the community. N.C. Gen. Stat. § 160A-381; *See River Birch Associates v. City of Raleigh,* 326 N.C. 100, 116, 388 S.E.2d 538, 547 (1990); *see also, Agins v. Tiburon,* 447 U.S. 255, 261, 65 L. Ed. 2d 106, 112 (1980) (holding ordinance requiring developments to include open space in order to discourage "premature and unnecessary conversion of open-space land to urban uses" and to prevent the ill effects of urbanization was proper exercise of police power). Therefore, the regulation of land use, such as designating the size of residential lots and controlling population density, is within the scope of the police power. Since regulating land use is within the scope of the police power, a court must then decide if the means of the regulation are reasonable. The test of whether the means are reasonable is two-pronged: 1) whether the ordinance as applied is reasonably necessary to promote the public good and 2) whether the interference with the owner's right to use the property is reasonable in degree. *A-S-P Associates,* 298 N.C. at 214, 258 S.E.2d at 449. Here, absent a final determination regarding how the ordinance will be applied to plaintiffs' property, a court cannot determine if the ordinance goes "too far," whether it is reasonably necessary to promote the public good, or if the interference with the plaintiffs' right to use the property is unreasonable. Therefore, the issue is not ripe.

[3] The complaint further claims the zoning ordinance is arbitrary and capricious, unreasonable, and an unequal exercise of power. This is simply another way of stating the ordinance is an not a legitimate use of the police power. *See Goodman Toyota v. City of Raleigh*, 63 N.C. App. 660, 662, 306 S.E.2d 192, 194 (1983), *disc. review denied*, 310 N.C. 477, 312 S.E.2d 884 (1984). Plaintiffs cannot show the ordinance is unconstitutional on these grounds, either on a facial challenge or as applied.

As discussed above, regulation of land use is within a city's police power. As recognized by both statute and case law, promoting the general welfare of the community through control of lot size and population density is a legitimate use of the police power. G.S. § 160A-381; *see Goodman Toyota*, 63 N.C. App. at 663, 306 S.E.2d at 194 (if recognized worthwhile objectives are realized, challenged statute is within scope of permissible purposes, properly achieved by reasonable use of police power). Where, as here, the regulation is reasonably related to the legitimate objectives of the police power, a challenge to the facial validity of the ordinance must fail. *Grace Baptist Church v. City of Oxford*, 320 N.C. 439, 442-43, 358 S.E.2d 372, 374-75 (1987). Although plaintiffs argue the ordinance deprives them of the highest and best use of the property, "[i]f this ordinance is otherwise a valid exercise of the town's police powers, the fact that it deprives the property of its most beneficial use does not render it unconstitutional." *Goldblatt v. Town of Hempstead*, 369 U.S. 590, 592, 8 L. Ed. 2d 130, 133 (1962); *see also A-S-P Associates*, 298 N.C. 207, 218, 258 S.E.2d 444, 451 ("[T]he mere fact that an ordinance results in the depreciation of the value of an individual's property or restricts to a certain degree the right to develop it as he deems appropriate is not sufficient reason to render the ordinance invalid.").

Plaintiffs' allegation that the expenses in developing the property under the ordinance would exceed the probable return on the investment involves an as applied challenge, not a facial challenge to the ordinance. Plaintiffs did not allege that all property owners would be unable to develop their property, or that other owners could not develop their properties covered by the ordinance on a cost-effective basis. An ordinance within the scope of the police power will not be held to be arbitrary and capricious and an unreasonable use of the police power unless the burdens imposed on a private property owner outweigh the purpose to which the regulation is related. *Goodman Toyota*, 63 N.C. App. at 663, 306 S.E.2d at 194. The burdens imposed on a private property owner cannot be determined

until the ordinance has been applied to the property. As discussed above, plaintiffs cannot show the ordinance is unconstitutional as applied to plaintiffs' property where the ordinance has not been applied to the property. The plaintiffs have made no effort to develop the property, have submitted no development plans, and have not attempted to get a variance. Therefore, their constitutional challenge is not ripe.

[4] Plaintiffs further argue that where seeking a building permit would be pointless, a case is ripe for adjudication regardless of whether a permit or application has been sought, citing *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 120 L. Ed. 2d 798 (1992). However, *Lucas* is distinguishable. In that case, the Council stipulated that no building permit would have been granted to petitioner whether or not he had applied for a permit. *Lucas*, 505 U.S. at 1012-14, 120 L. Ed. 2d at 811 n.3; *cf., Grace Baptist Church v. City of Oxford*, 320 N.C. 439, 358 S.E.2d 372 (1987) (church's allegation that the city intended to require paving of church's parking lot under city zoning ordinance did not confer standing to challenge constitutionality of ordinance, but defendant's answer which requested the court to order the church to cease use of the property until compliance with ordinance deemed sufficient). In this case, plaintiffs have made no factual allegations claiming an application for a building permit or variance would be pointless. Therefore, plaintiffs may not avoid the ripeness doctrine under a "futility exception."

[5] Plaintiffs also argue courts should not require an exhaustion of administrative remedies prior to bringing an action challenging the validity of an ordinance because of statute of limitations considerations. Because N.C. Gen. Stat. § 160A-364.1 sets a nine-month statute of limitations for challenging the validity of a zoning ordinance, plaintiffs argue landowners could lose their right to challenge the ordinance since administrative decisions might not be made within nine months of the adoption of the ordinance. However, plaintiffs filed this action within the statutory time frame and the complaint contains no allegation that an administrative decision could not be reached within nine months. Therefore, this issue is not before us. Further, this Court, in holding a landowner could not challenge the validity of an ordinance due to the statute of limitations, has previously ruled that "[t]he nine-month statute of limitations does not . . . deny disaffected property owners adequate venues of redress. Instead, the property owner is merely required to go through the statutorily mandated procedures for an amendment or variance."

*Sherrill v. Town of Wrightsville Beach*, 81 N.C. App. 369, 372, 344 S.E.2d 357, 359, *appeal dismissed, disc. review denied*, 318 N.C. 417, 349 S.E.2d 600 (1986).

"In order to challenge the constitutionality of an ordinance, a litigant must produce evidence that he has sustained an injury or is in immediate danger of sustaining an injury as a result of enforcement of the challenged ordinance." *Grace Baptist Church*, 320 N.C. at 444, 358 S.E.2d at 375. Here, plaintiffs failed to meet this burden. For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Judge WYNN concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I do not agree that the complaint must be dismissed on the grounds that the claims are premature or "not ripe" for consideration. The plaintiffs challenge the ordinance on the grounds that it is an arbitrary and capricious act by the government and is therefore unconstitutional. In other words, the plaintiffs contend that *any* application of the ordinance is unconstitutional because their property rights were violated the very moment the government enacted the ordinance, without regard to how it may be applied. This constitutes a "facial challenge" as opposed to an "as applied challenge," *see Eide v. Sarasota County*, 908 F.2d 716, 724 n.14 (11th Cir. 1990), *cert. denied*, 498 U.S. 1120, 112 L. Ed. 2d 1179 (1991), and as such there is no requirement that the plaintiff, prior to filing the complaint, first seek a variance from the zoning requirement. *See id.*; *Pennell v. San Jose*, 485 U.S. 1, 11, 99 L. Ed. 2d 1, 14 (1988) (addressing facial challenge). Furthermore, because any action challenging the validity of the ordinance must be filed within nine months of its enactment, N.C.G.S. § 160A-364.1 (1994), requiring the plaintiffs to seek a final ruling on a variance request prior to filing this action would seriously jeopardize the right to file the action, as it is likely that a final decision would not be entered within nine months of the enactment of the ordinance. I would reverse the order of the trial court and remand.