ROGER D. MESSER AND WILLIAM L. HUNT v. TOWN OF CHAPEL HILL

No. 72A97

(Filed 6 June 1997)

### Appeal and Error § 175 (NCI4th)— rezoning—constitutional challenge—sale of property—mootness of appeal

A challenge to the constitutionality of a rezoning was dismissed as moot where, of the two plaintiffs, the heirs of one had sold the property to a third party and the complaint of the other did not allege any interest sufficient to allow him to maintain an independent constitutional challenge. Plaintiffs' contention that their claim for damages renders the mootness doctrine inapplicable is without merit; the sale of the property establishes beyond peradventure that the property continued to have a practical use and reasonable value and a mere diminution in value from the rezoning, even a severe one, is not compensable. The contention that the town waived the mootness question when it was not raised in the trial court or the Court of Appeals was also without merit; the Court will dismiss the action *ex mero motu* whenever it appears that no genuine controversy between the parties exists.

### Am Jur 2d, Appellate Review §§ 640 et seq.

Appeal by plaintiffs pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 125 N.C. App. 57, 479 S.E.2d 221 (1997), affirming an order entered by Stephens (Donald W.), J., on 2 March 1995 in Superior Court, Orange County, allowing defendant's motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. Heard in the Supreme Court 15 May 1997.

*Robert A. Hassell and Lyman & Ash, by Cletus P. Lyman and Michael S. Fettner, for plaintiff-appellants.*

*Cranfill, Sumner & Hartzog, L.L.P., by Susan K. Burkhart, for defendant-appellee.*

PER CURIAM.

By this action, plaintiffs challenge the constitutionality of the rezoning by defendant-town of an undeveloped tract of land consist-

ing of approximately 150 acres and located in the Laurel Hill area of Chapel Hill, a part of defendant-town's extraterritorial zoning and planning jurisdiction. Plaintiff William L. Hunt, now deceased and represented in this action by the executors of his estate, acquired the tract in 1937. Plaintiff Roger D. Messer is alleged to be an interested party with respect to the property.

The trial court dismissed the complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6), for failure to state a claim upon which relief can be granted. The Court of Appeals affirmed. *Messer v. Town of Chapel Hill*, 125 N.C. App. 57, 479 S.E.2d 221 (1997). Judge Greene dissented, and plaintiffs exercised their right to appeal on the basis of the dissent. N.C.G.S. § 7A-30(2) (1995).

We need not reach the merits of the appeal. On 4 April 1997 defendant filed with this Court a motion to dismiss the appeal on the grounds of mootness. Documents attached to the motion establish, and plaintiffs do not dispute, that on 4 April 1996, while plaintiffs' appeal was pending in the Court of Appeals, plaintiff William L. Hunt (since deceased) sold the property in question to Marin Development Company for the sum of $1,500,000. Defendant-town contends that this renders plaintiffs' appeal moot. We agree.

"Standing to challenge the constitutionality of a legislative enactment exists where the litigant has suffered, or is likely to suffer, a direct injury as a result of the law's enforcement." *Maines v. City of Greensboro*, 300 N.C. 126, 130-31, 265 S.E.2d 155, 158 (1980). Standing is initially determined by whether an actual controversy exists between the parties when the action is filed. *See Sharpe v. Park Newspapers of Lumberton, Inc.*, 317 N.C. 579, 584, 347 S.E.2d 25, 29 (1986). However,

> [w]henever during the course of litigation it develops that . . . the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law. If the issues before the court become moot at any time during the course of the proceedings, the usual response is to dismiss the action.

*Simeon v. Hardin*, 339 N.C. 358, 370, 451 S.E.2d 858, 866 (1994) (citations omitted); *see also In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979).

MESSER v. TOWN OF CHAPEL HILL

[346 N.C. 259 (1997)]

The 4 April 1996 transfer of the property from plaintiff William L. Hunt to Marin Development Company clearly moots any controversy between him (now his executors) and defendant-town as to the constitutionality of the amendment to the zoning ordinance. The complaint does not allege any interest in plaintiff Roger D. Messer sufficient to allow him to maintain a constitutional challenge to the amendment apart from plaintiff Hunt.

Plaintiffs' contention that their claim for damages renders the mootness doctrine inapplicable is without merit. The sale of the property for the sum of $1,500,000 establishes beyond peradventure that the property continued to have "a practical use and a reasonable value" following the amendment to the zoning ordinance. *Finch v. City of Durham*, 325 N.C. 352, 364, 384 S.E.2d 8, 15, *reh'g denied*, 325 N.C. 714, 388 S.E.2d 452 (1989). A mere diminution in value from the rezoning, even a severe one, is not compensable. *Id.* at 365, 384 S.E.2d at 15.

Plaintiffs' contention that defendant-town has waived the mootness question by failing to raise it in the trial court or the Court of Appeals is also without merit. "Whenever it appears that no genuine controversy between the parties exists, the Court will dismiss the action *ex mero motu*." *Stanley v. Department of Conservation & Dev.*, 284 N.C. 15, 29, 199 S.E.2d 641, 650 (1973).

For the reasons stated, the appeal is dismissed as moot. "While we express no opinion as to its correctness, the better practice in this circumstance is to vacate the decision of the Court of Appeals." *State ex rel. Util. Comm'n v. Southern Bell Tel. & Tel. Co.*, 289 N.C. 286, 290, 221 S.E.2d 322, 325 (1976). Accordingly, the opinion of the Court of Appeals is vacated.

APPEAL DISMISSED; COURT OF APPEALS OPINION VACATED.