S. COHEN & CO. v. THE COMMISSIONERS OF GOLDSBORO.

*Towns and Cities--Unlawful Ordinance--Practice--Injunction.*

The remedy for an injury resulting from the operation of an unlawful town ordinance is not by injunction.   The party injured has complete redress in an action for damages.

APPEAL from an Order granting an Injunction made on the 13th of June, 1877, by *Moore, J.*

The application of the plaintiffs for an injunction was based upon an affidavit stating that they were merchants in the Town of Goldsboro, and were dealing in a general variety of groceries including fresh beef; that the defend-ant commissioners had adopted a town ordinance forbidding the sale of fresh meat except under certain restrictions, to

the injury of plaintiffs; that they were arrested and fined for a violation of said ordinance and were compelled to suspend their business. Thereupon His Honor adjudged that the Clerk of the Court issue an injunction restraining the defendants from interfering with the business of the plaintiffs, upon their giving bond for such costs and damages as may be awarded against them upon the final hearing, if the Court should decide that they were not entitled to the relief demanded. From this judgment the defendants appealed.

*Messrs. Busbee & Busbee* and *Badger & Devereux*, for plaintiffs.

*Mr. W. N. H. Smith*, for defendants.

READE, J. If the defendants have an unlawful ordinance, and have arrested and fined the plaintiffs, as they allege, the plaintiffs have complete redress in an action for damages. And as often as the arrest may be repeated they have the like redress; but we are aware of no principle or precedent for the interposition of a Court of Equity in such cases.

The injunction is dissolved and the case dismissed.

PER CURIAM.                                  Judgment reversed.