S. S. KRESGE COMPANY, SKY CITY STORES, INC., AND ZAYRE OF HIGH POINT, INC. v. ROBERT D. DAVIS, MAYOR OF THE CITY OF HIGH POINT, PAUL CLAPP, WILLIAM BENCINI, FRED M. YODER, FRED SWARTZBERG, J. COY PUTMAN, JAMES R. SHELTON, O. ARTHUR KIRKMAN, AND JOHN W. THOMAS, JR., MEMBERS OF THE CITY COUNCIL FOR THE CITY OF HIGH POINT, NORTH CAROLINA; LAURIE PRITCHETT, CHIEF OF POLICE OF THE CITY OF HIGH POINT; DOUGLAS ALBRIGHT, SOLICITOR OF THE SUPERIOR COURT; AND ROSS STRANGE, DISTRICT COURT PROSECUTOR

No. 34

(Filed 20 January 1971)

1. Constitutional Law § 14; Municipal Corporations § 32; Sundays and Holidays— validity of High Point blue law

Sunday observance ordinance of the City of High Point is valid on its face.

2. Municipal Corporations § 32— constitutionality of Sunday observance ordinance — unequal enforcement — sufficiency of pleadings

In an action by retailers of general merchandise seeking to challenge the constitutionality of a municipal Sunday observance ordinance and the unequal enforcement thereof, the plaintiff's allegations that the municipal executive and law-enforcement authorities have intentionally and illegally discriminated between the plaintiffs and their competitors by selective enforcement against the plaintiffs while openly permitting violations of the ordinance by their competitors, both in permitting other nonexempt business establishments to open for operation on Sunday and in permitting exempt and nonexempt establishments to sell forbidden types of merchandise on Sunday, *held* sufficient to state a cause of action.

3. Constitutional Law § 20— equal protection of the law — state constitution

The principle of the equal protection of the law has been expressly incorporated in Art. I, § 19, of the Constitution of North Carolina, effective 1 July 1971.

Kresge Co. v. Davis

4. Constitutional Law § 20— equal protection of the law — administration and enforcement of the law

The constitutional protection against unreasonable discrimination under color of law is not limited to the enactment of legislation, but it also extends to the administration and execution of laws valid on their face.

5. Constitutional Law § 20— establishing unequal administration of the law — proof that other violators have not been prosecuted

One who violates a law valid on its face does not bring himself within the protection of the rule against unequal administration of the law merely by showing that numerous persons have also violated the law and have not been arrested and prosecuted therefor.

6. Constitutional Law § 20— equal enforcement of the laws — delay or laxity in enforcement

Mere laxity, delay or inefficiency of the police department, or of the prosecutor, in the enforcement of an otherwise valid statute or ordinance does not destroy the law or render it invalid and unenforceable.

7. Constitutional Law § 20— selective enforcement of a law — effect on the validity

The selective enforcement of a law does not destroy the law if such enforcement has a reasonable relation to the purpose of the legislation.

8. Constitutional Law § 20— equal enforcement of the laws — presumption

It will not be presumed that an unlawful administration of the laws results from intentional or purposeful discrimination by state officers.

9. Injunctions § 5— enjoining the enforcement of a criminal statute — general rule

Nothing else appearing, the enforcement of an ordinance by the criminal prosecution of those who violate it will not be enjoined in a suit brought by an acknowledged violator, whose contention is that the ordinance is invalid or that it is administered or enforced in a discriminatory manner.

10. Injunctions § 5— enjoining the enforcement of a statute — grounds for injunctive relief

Where a plaintiff's legitimate business is threatened with destruction through an announced purpose of making repeated arrests of his employees or customers and charging them with the violation of an allegedly invalid law, a suit for injunctive relief is an appropriate procedure for testing the constitutionality of the law or of the contemplated enforcement program.

11. Pleadings § 26— demurrer for failure of complaint to allege facts constituting a cause of action

Where plaintiffs alleged in their complaint facts which, if true, entitle them to injunctive relief, it is error to sustain defendants' de-

murrer to the complaint on the ground that the complaint did not allege facts constituting a cause of action.

12. **Municipal Corporations § 8— prior discriminatory enforcement of ordinance — effect on present enforceability**

The past discriminatory enforcement of a valid ordinance does not render the ordinance presently void or unenforceable.

13. **Municipal Corporations §§ 8, 32; Injunctions § 5—municipal blue law — scope of injunctive relief**

In an action by general retailers challenging the discriminatory enforcement of a municipal Sunday observance ordinance, a restraining order which enjoined the municipality from enforcing or giving any effect whatever to the ordinance is vacated by the Supreme Court on the ground that the selective enforcement of the ordinance in the past, even if discriminatory, did not estop the city from inaugurating and carrying out a nondiscriminatory enforcement policy.

APPEAL by plaintiffs from the decision of the Court of Appeals, reported in 8 N.C. App. 595, affirming a judgment of *Exum, J.,* in the Superior Court of GUILFORD.

The appeal is from a judgment sustaining a demurrer *ore tenus* to the complaint for the reason that it fails to state facts sufficient to constitute a cause of action. Pending this appeal the Superior Court continued in effect a restraining order entered contemporaneously with the filing of the complaint.

The complaint alleges in substance (numbering revised) :

1. The plaintiffs are retailers of general merchandise, operating business establishments within the corporate limits of the City of High Point and offering for sale therein a wide variety of merchandise.

2. On 19 August 1965, the City Council of High Point adopted § 15 35 of the Code of Ordinances of the city, which section regulates the business of merchandising within the city. A copy of this ordinance is attached to and made part of the complaint. It prohibits from midnight Saturday to midnight Sunday the offering, exposing for sale and sale of merchandise and the opening of a place of business for such sale, unless such place of business is expressly exempted in the ordinance. It further prohibits such exempt business establishments from selling, exposing or offering for sale to the public specified types of merchandise, all of which are customarily sold by the plaintiffs in their respective places of business.

3. Types of business establishments exempted by the ordinance include drug stores, curb markets, garages, filling stations and newsstands. Since the adoption of the ordinance, numerous establishments of these exempted types, with the acquiescence of the executive authorities of the city, charged with the duty of enforcing the ordinance, have regularly offered for sale and sold on Sunday in their respective establishments merchandise of the types forbidden to be sold even in exempted establishments. Numerous other establishments, not exempted by the ordinance, including the "Pro Shop" maintained upon a golf course owned by the city, pet shops, camping trailer dealers and sporting goods stores, have, with the acquiescence of the city authorities, charged with the duty of enforcing the ordinance, regularly opened their establishments for business on Sunday and have offered for sale therein types of merchandise, the sale of which is prohibited even in exempt establishments.

4. Notwithstanding frequent and regular violations of the ordinance, as above set forth, since the adoption of the ordinance on 19 August 1965, warrants have been issued for not more than "approximately three" persons for violating the ordinance by illegal opening of their business establishments or by sale therein of merchandise forbidden to be sold on Sunday.

5. On Sunday, 30 November 1969, plaintiffs opened their respective business establishments and offered therein for sale to the public, between the hours of 1 p.m. and 6 p.m., all types of merchandise generally carried for sale therein. On that occasion, 42 employees of the plaintiffs were arrested by police officers in a massive deployment of police personnel and were charged with violating the ordinance either by opening the establishment for business or by selling items of merchandise of types prohibited by the ordinance to be sold on Sunday. By this "invidiously discriminatory" action of the law enforcement authorities of the city, the plaintiffs were compelled to close their business establishments or "face the threat of financial ruin, imprisonment and loss of employees."

6. The ordinance makes each separate sale or offer to sell a separate violation of the ordinance. No specific penalty being provided in the ordinance for its violation, § 1-4 of the City Code of Ordinances applies and under it any violation is a misdemeanor, the penalty for which shall not exceed a fine of $50.00

or imprisonment for 30 days. Each of the plaintiffs carries for sale an inventory of more than 100,000 items of merchandise prohibited by the ordinance to be sold on Sunday. By opening for business, contrary to the prohibition of the ordinance, the plaintiffs and their employees risk penalties of 30 days imprisonment for sale of each item of merchandise, so that the cumulative penalties which could be imposed under the ordinance are "so enormous and severe as to prohibit plaintiffs from doing business on Sunday pending a judicial construction of the ordinance." The enforcement provisions of the ordinance are unconstitutional upon their face, being violative of the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution and Art. I, § 17, of the Constitution of North Carolina.

7. The ordinance does not define "drug store." Drug stores in the City of High Point are, in fact, general merchandise stores, as are the stores of the plaintiffs. They sell regularly, including sales on Sunday, hardware, electrical appliances, articles of clothing, housewares and tools. The plaintiffs, in their stores, also offer for sale these types of articles. The classification which the ordinance attempts to make is unreasonable, arbitrary, not consistent with the facts, and oppressive in that it discriminates within a class between competitors similarly situated. The ordinance permits, by its failure to prohibit the same, cosmetics, firearms and ammunition to be sold on Sunday in exempt stores. Permitting the sale of these articles has no reasonable relation to the public peace, welfare, safety and morals and discriminates against the plaintiffs who, as general retailers, sell the same types of merchandise.

8. From the date of the adoption of the ordinance to the present time, the city authorities, charged with the enforcement of the ordinance, have intentionally, purposely, unjustly and illegally discriminated between plaintiffs and their competitors by selective enforcement of the referenced Sunday closing ordinance against plaintiffs and their employees while openly permitting violations of said ordinance by competitors and their employees, both as said ordinance applies to non-exempt businesses and as it applies to exempt businesses selling items, the sale of which is prohibited on Sundays. This is a violation of the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States

and a violation of the Constitution of North Carolina, Art. I, § 17.

9. The damage and injury done to the plaintiffs by reason of such deprivation of their rights is continuing and irreparable due to the existence of the ordinance and the discriminatory enforcement thereof.

The prayer of the complaint is that the ordinance be declared in violation of the Constitution of the United States and of the Constitution of North Carolina and void, and that a preliminary and a permanent injunction be issued restraining the defendants and their employees from enforcing the ordinance.

*Rossie G. Gardner and Jerry C. Wilson for plaintiff appellants.*

*Knox Walker, Attorney for City of High Point; Morgan, Byerly, Post and Keziah, by J. V. Morgan; Smith and Patterson, by Norman B. Smith for defendant appellees.*

LAKE, Justice.

[1] In all respects material to this appeal the ordinance of the City of High Point here in question is identical with the ordinances of the cities of Raleigh, Winston-Salem and Charlotte held valid by this Court in *Kresge Co. v. Tomlinson* and *Arlan's Dept. Store v. Tomlinson,* 275 N.C. 1, 165 S.E. 2d 236; *Charles Stores v. Tucker,* 263 N.C. 710, 140 S.E. 2d 370; and *Clark's Charlotte, Inc. v. Hunter,* 261 N.C. 222, 134 S.E. 2d 364. The businesses operated by the plaintiffs in the City of High Point, as described in their complaint, are substantially the same as those operated by the plaintiffs in each of the above cases. Upon the authority of those decisions, we hold that the ordinance now before us, on its face, is a valid enactment, does not discriminate unlawfully against these plaintiffs, either in its classification of business establishments which may and may not be operated on Sunday or in its classification of types of merchandise which may and may not be sold in establishments permitted to remain open on Sunday, and does not violate any constitutional right of the plaintiffs asserted by them herein. See also: *Raleigh Mobile Home Sales, Inc. v. Tomlinson,* 276 N.C. 661, 174 S.E. 2d 542; *Clark's v. West,* 268 N.C. 527, 151 S.E. 2d 5; *State v. Towery,* 239 N.C. 274, 79 S.E. 2d 513; *State v. McGee,* 237 N.C. 633, 75 S.E. 2d 783; *State v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198.

Decisions of the Supreme Court of the United States make it clear that it does not, on its face, violate the provisions of the Fourteenth Amendment to the Constitution of the United States. *Two Guys v. McGinley,* 366 U.S. 582, 81 S.Ct. 1135, 6 L. Ed. 2d 551, *rehear. den.,* 368 U.S. 869, 82 S.Ct. 21, 7 L. Ed. 2d 69; *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L. Ed. 2d 393; *Silver v. Silver,* 280 U.S. 117, 50 S.Ct. 57, 74 L. Ed 221; *Dominion Hotel v. Arizona,* 249 U.S. 265, 268, 39 S.Ct. 273, 63 L. Ed. 597; *Patsone v. Commonwealth of Pennsylvania,* 232 U.S. 138, 144, 34 S.Ct. 281, 58 L. Ed. 539.

[2] The plaintiffs contend that notwithstanding the validity of the ordinance, upon its face, it has been rendered void and they are entitled to an injunction against its enforcement because the city officials have discriminated against the plaintiffs in its enforcement. They allege that, from the date of the adoption of the ordinance to the present time, the city executives and law enforcement authorities have "intentionally, purposely, unjustly and illegally discriminated between plaintiffs and their competitors by selective enforcement * * * against plaintiffs and their employees while openly permitting violations of said ordinance by competitors and their employees," both by permitting other non-exempt business establishments to open for operation on Sunday and by permitting exempt and non-exempt establishments to sell on Sunday types of merchandise which the ordinance forbids to be sold on Sunday in any establishment. The truth of this allegation is admitted, for the purpose of this appeal, by the demurrer.

[3] This Court has said that the principle of the equal protection of the law, made explicit in the Fourteenth Amendment to the Constitution of the United States, was also inherent in the Constitution of this State even prior to the revision thereof at the General Election of 1970. *State v. Glidden Co.,* 228 N.C. 664, 46 S.E. 2d 860; *State v. Fowler,* 193 N.C. 290, 136 S.E. 709. By the above mentioned revision, it has now been expressly incorporated in Art. I, § 19, of the Constitution of North Carolina, effective 1 July 1971.

[4] This constitutional protection against unreasonable discrimination under color of law is not limited to the enactment of legislation. It extends also to the administration and the execution of laws valid on their face. *Yick Wo v. Hopkins,* 118 U.S.

356, 6 S.Ct. 1064, 30 L. Ed. 220; *Ex Parte* Virginia, 100 U.S. 339, 25 L. Ed. 676.

In the Yick Wo case the Court said, "Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution." That was a *habeas corpus* proceeding brought by a Chinese, imprisoned because he operated a laundry in a wooden building in the City of San Francisco in violation of a city ordinance. The ordinance prohibited operation of a laundry, except in a brick or stone building, without a permit granted by the city's Board of Supervisors. It was admitted that the petitioner, and 200 of his countrymen similarly situated, had petitioned the board for permission to continue their businesses in the same houses in which they had been operating laundries for many years, in accordance with health and fire regulations, and that all petitions from Chinese applicants had been denied, whereas all, save one, of the applications for permits from persons not Chinese had been granted. The Supreme Court of the United States noted that the ordinance provided no standards for the guidance of the board and, therefore, conferred upon it the power to give or withhold permits arbitrarily. However, as above noted, the Court declared that the discriminatory administration of the ordinance was a denial of the equal protection of the law and required the discharge of the prisoner from state custody.

[5-7] One who violates a law, valid upon its face, does not bring himself within the protection of the Yick Wo rule merely by showing that numerous other persons have also violated the law and have not been arrested and prosecuted therefor. Mere laxity, delay or inefficiency of the police department, or of the prosecutor, in the enforcement of a statute or ordinance, otherwise valid, does not destroy the law or render it invalid and unenforceable. Even selective enforcement does not have that effect if it has a reasonable relation to the purpose of the legislation, such as making efficient use of police manpower by concentrating upon the major sources of the criminal activity. 16 AM. JUR. 2d, Constitutional Law, § 541; Comment, "The Right to Nondiscriminatory Enforcement of State Penal Laws," 61

Columbia L. Rev. 1103, 1113. The writer of this law review comment observes, at p. 1119, "A long line of decisions in many jurisdictions has established the prosecutor's broad power to choose whom to prosecute after weighing such factors as the likelihood of successful prosecution, the social value of obtaining a conviction as against the time and expense to the state, and his own sense of the justice in the particular case."

In *Snowden v. Hughes,* 321 U.S. 1, 64 S.Ct. 397, 88 L. Ed. 497, *rehear. den.,* 321 U.S. 804, the Supreme Court of the United States, speaking through Chief Justice Stone, said:

"The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."

[8] Such discriminatory purpose is not presumed. *Tarrance v. Florida,* 188 U.S. 519, 23 S.Ct. 402, 47 L. Ed. 572. The good faith of the officers is presumed and the burden is upon the complainant to show the intentional, purposeful discrimination upon which he relies. See: *Mackay Telegraph Co. v. Little Rock,* 250 U.S. 94, 39 S.Ct. 428, 63 L. Ed. 863; *Sunday Lake Iron Co. v. Wakefield,* 247 U.S. 350, 38 S.Ct. 495, 62 L. Ed. 1154; *Snowden v. Hughes, supra.* For the purposes of this appeal, however, the requisite purposeful, intentional discriminatory enforcement is admitted by the demurrer to the complaint and must, therefore, be taken as established.

[9-10] Nothing else appearing, the enforcement of an ordinance, by the criminal prosecution of those who violate it, will not be enjoined in a suit brought by an acknowledged violator, whose contention is that the ordinance is invalid or that it is administered or enforced in a discriminatory manner. His right to present this defense at his trial on the criminal charge, or to maintain a civil action for damages, is deemed to constitute an adequate remedy at law. See: *Jarrell v. Snow,* 225 N.C. 430, 35 S.E. 2d 273; *McCormick v. Proctor,* 217 N.C. 23, 6 S.E. 2d 870; *Cohen v. Commissioners,* 77 N.C. 2. Where, however, a plaintiff's legitimate business is threatened with destruction, through an announced purpose of making repeated arrests of his employees or customers and charging them with the violation of an alleged-

ly invalid law, a suit for injunctive relief is an appropriate procedure for testing the constitutionality of the law, or of the contemplated enforcement program. See, *Advertising Co. v. Asheville*, 189 N.C. 737, 128 S.E. 149. See also, the above cited comment in 61 Columbia L. Rev. 1103, 1133, 1136.

[2, 11]  We hold that the plaintiffs have alleged in their complaint facts which, if true, entitle them to injunctive relief. It was, therefore, error to sustain the defendants' demurrer to the complaint on the ground that the complaint did not allege facts constituting a cause of action.

[12]  We further hold that the City of High Point has the authority to enforce, in a constitutional manner, the ordinance in question. The past discriminatory enforcement practices alleged in the complaint, if true, do not render the ordinance presently void or unenforceable.

[13]  We further hold that the restraining order entered in the Superior Court was improvidently granted and the defendants' motion in this Court to vacate the same is hereby allowed. The restraining order enjoined the defendants from enforcing or giving any effect whatever to the ordinance. Assuming the truth of all allegations of the complaint, with reference to past discrimination in the enforcement of the ordinance, the restraining order went far beyond the relief to which the plaintiffs were entitled. It left no way for a new, or a repentant, city administration to begin a general, nondiscriminatory enforcement of this valid ordinance. Past selective enforcement, even though purposefully and intentionally discriminatory, does not estop the city from inaugurating and carrying out a nondiscriminatory enforcement policy and program. At the most, the plaintiffs would be entitled to no more than an order restraining the defendants from enforcing the ordinance against these plaintiffs so long as they continue the discriminatory practices alleged in the complaint.

The judgment of the Court of Appeals is, therefore, reversed, the restraining order is vacated and the matter is remanded to that Court with direction to enter a judgment further remanding it to the Superior Court for the entry of a judgment overruling the demurrer to the complaint and allowing the defendants to file their answer.

Reversed and remanded.