## 35503. PUCKETT v. PAULDING COUNTY.

HILL, Justice.

This is a zoning case of sorts, but not a typical zoning case. Here the county is the plaintiff and the landowner is the defendant. The county sued the landowner to enjoin him from using his property, zoned R-2 (suburban residential), as an automobile salvage yard. The court granted the injunction and the landowner appeals.

Defendant owns 4 acres and has an option to purchase 11 adjacent acres, all zoned R-2 (suburban residential) since enactment of the Paulding County zoning ordinance in 1969. Defendant applied to the Paulding County planning commission to "Rezone under special provisions." The commission treated the application as a "rezoning" application and approved it unanimously, as did the zoning board of appeals (although the latter body may have treated the application as seeking a permit rather than rezoning).

The Board of Commissioners of Paulding County rejected the rezoning. At that same meeting the board approved a rezoning request of Auto Parts Wholesale, Inc., on 66 acres diagonally across highway spur 92 from defendant's property. This request was granted on the basis that this salvage yard had been in operation prior to the zoning ordinance.

Notwithstanding the denial of his application, defendant commenced operating an auto salvage yard on his property and this litigation was commenced by the county.[1]

---

[1]We cannot approve of a property owner, dissatisfied by a zoning decision, who violates the zoning ordinance rather than challenging the decision in court. Whether such conduct could deprive the landowner of the right to

1. The defendant argues that the Paulding County zoning ordinance should be construed so as to allow the zoning board of appeals to authorize conditional use or special zoning permits. It does authorize that board to issue permits as to such things as airports, race tracks and manufacture of such things as acid, asphalt, brick, cement, explosives, fertilizer and petroleum. However, automobile salvage or parts yards, as well as junk yards of any kind, and building material and other types of storage yards, can only be operated on property zoned R-1, rural (all uses permitted), or I-1 general industrial, which permits all manufacturing, wholesale or storage uses not listed as conditional uses (airports, etc., above).

The landowner needed a change in zoning, not merely a permit, to operate an auto salvage yard on his property. Hence the approval of his application by the Paulding County Zoning Board of Appeals was not the final authority he needed. It was not illegal for the Paulding County commissioners to consider his application.

2. The landowner does not contend that he established a denial of his property rights under *Barrett v. Hamby*, 235 Ga. 262 (219 SE2d 399) (1975), and its progeny. He asserts a denial of equal protection in the allowance of his neighbor's use of its property for auto salvage yard purposes. The neighbor had a pre-existing nonconforming use and this fact alone prevents these landowners from being similarly situated.[2] Other than this difference in treatment, this landowner has shown no violation of his constitutional rights. It was not necessary for the county commissioners to justify their decision denying a zoning change; it was necessary for the landowner to demonstrate that that decision was invalid, which he did not do on this record. *Matthews v. Fayette County*, 233 Ga. 220, 225-226 (210 SE2d 758) (1974).

*Judgment affirmed. All the Justices concur.*

defend by challenging the ordinance when the county seeks to enforce it, we do not decide in this case.

[2]The grant of one zoning application and the denial of another, even where the owners are similarly situated,

ARGUED OCTOBER 10, 1979 — DECIDED
FEBRUARY 29, 1980 —
REHEARING DENIED MARCH 13, 1980.

*Sams, Glover, Gentry & Adams, A. Harris, Adams,* for appellant.
*Thomas C. Sanders,* for appellee.

---

would not necessarily show a violation of the rights of the one whose application was denied.