GRACE BAPTIST CHURCH OF OXFORD, NORTH CAROLINA; REVEREND CECIL
NEWTON, PASTOR OF GRACE BAPTIST CHURCH OF OXFORD, NORTH CAROLINA;
AND EUGENE C. SHEARON, DEACON AND TRUSTEE, JAMES TAYLOR HUT-
SON, TRUSTEE, AND MARK COMPTON, TRUSTEE AND ALL MEMBERS OF THE
GRACE BAPTIST CHURCH OF OXFORD, NORTH CAROLINA v. THE CITY OF OX-
FORD, NORTH CAROLINA; HUGH M. CURRIN, MAYOR AND MEMBER OF THE
BOARD OF COMMISSIONERS OF THE CITY OF OXFORD, NORTH CAROLINA; HUBERT
L. COX, ALLIE G. ELLINGTON, STANLEY FOX, J. EDDIE McCOY,
ROBERT T. POWELL, JAMES W. SMITH, AND A. B. SWINDELL, MEMBERS
OF THE BOARD OF COMMISSIONERS OF THE CITY OF OXFORD, NORTH CAROLINA; H.
T. RAGLAND, JR., CITY MANAGER OF THE CITY OF OXFORD, NORTH CAROLINA;
FRANK WHITE, BUILDING INSPECTOR OF THE CITY OF OXFORD, NORTH
CAROLINA, AND THE STATE OF NORTH CAROLINA

No. 456A86

(Filed 28 July 1987)

1. **Municipal Corporations § 30.11— zoning ordinance—paved off-street park-
ing—due process**

   A zoning ordinance requiring paved off-street parking is related to a legit-
imate end and thus does not violate due process since it is based on definite
advantages in connection with drainage, prevention of erosion, and ap-
pearance.

2. **Constitutional Law § 4; Municipal Corporations § 31.1— zoning ordinance—
standing to challenge for selective enforcement**

   Plaintiff church was in immediate danger of sustaining injury from a city
zoning ordinance requiring paved off-street parking and thus had standing to
challenge the constitutionality of the ordinance on the ground of selective en-
forcement where the city's answer prayed that the church be ordered to cease
use of its property until it is in compliance with the ordinance, and the trial
court found that the city "at the commencement of this action and presently"
intends to enforce the provision requiring paved parking.

3. **Constitutional Law § 20.1; Municipal Corporations § 30.11— zoning ordi-
nance—paved off-street parking—no selective enforcement**

   A city ordinance requiring paved off-street parking was not selectively
and discriminatorily enforced against plaintiff church in violation of the federal
and state guarantees of equal protection where testimony from city officials
was to the effect that since the enactment of the ordinance in 1970, the city
issued no building permits that waived the requirements of the ordinance;
there was testimony that enforcement proceedings had been undertaken in the
courts against one other property owner; the city building inspector twice tes-
tified that other churches in town, against whom the ordinance had not been
enforced, were erected prior to the effective date of the ordinance and were
thus protected from enforcement proceedings by a "grandfather clause"; and
with respect to nine entities identified as subject to the ordinance but without
off-street paved parking on the premises, the record is silent as to whether

these businesses provided for off-street parking in other facilities, as is permitted by the ordinance, or whether these businesses obtained variances from the paved parking requirement. Amendment IV of the U.S. Constitution; Art. I, § 19 of the N.C. Constitution.

**4. Constitutional Law § 20.1; Municipal Corporations § 30.15— zoning ordinance—paved off-street parking—constitutionality of grandfather clause**

A city zoning ordinance requiring paved off-street parking does not violate equal protection because of a "grandfather clause" by which buildings erected prior to the effective date of the ordinance (1970) are not subject to such requirement since the ordinance applies with equal force to those similarly situated, and the fact that the ordinance is prospective and permits the continuation of existing uses does not amount to unlawful discrimination.

Justice MARTIN concurring in part and dissenting in part.

ON discretionary review of a decision of the Court of Appeals entered 1 July 1986, affirming the judgment of *Hight, J.,* in Superior Court, GRANVILLE County, holding the provisions of an ordinance of the City of Oxford valid. 81 N.C. App. 678, 345 S.E. 2d 242 (1986) (unpublished).

Plaintiff Grace Baptist Church brought this action to enjoin[1] enforcement of a zoning ordinance of the City of Oxford. On 17 September 1985, Hight, J., heard the matter without a jury and concluded that the challenged ordinance, as written and applied, did not violate the due process and equal protection clauses of the federal and state constitutions. The Court of Appeals affirmed. Plaintiff's petition for discretionary review pursuant to N.C.G.S. § 7A-31 was allowed on 6 January 1987. Heard in the Supreme Court 15 April 1987.

*I. Beverly Lake for plaintiff-appellants.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by George W. Miller, Jr., and Robert W. Oast, Jr., and Watkins, Finch & Hopper, by Daniel Finch, for defendant-appellees.*

---

1. As neither of the parties has raised the issue, we do not decide the question of whether a party may seek an injunction against enforcement of an ordinance where it has failed to exhaust its administrative remedies. *See Forsyth County v. York,* 19 N.C. App. 361, 198 S.E. 2d 770, *cert. denied,* 284 N.C. 253, 200 S.E. 2d 653 (1973), in which the Court of Appeals held that defendant prosecuted for violation of a zoning ordinance failed to exhaust statutory remedies and thus could not challenge ordinance on subsequent prosecution. *See also Elizabeth City v. LFM Enterprises,* 48 N.C. App. 408, 269 S.E. 2d 260 (1980) (no collateral attack was permitted on validity of ordinance where defendants failed to exercise remedies available under the zoning ordinance).

MEYER, Justice.

We will refer to the appellants herein in the singular, i.e., Grace Baptist Church. On appeal, appellant contends that a zoning ordinance of the City of Oxford is unconstitutional on its face and as applied. Specifically, appellant contends that an ordinance requiring off-street paved parking violates the due process and equal protection clauses of the federal and state constitutions. The Court of Appeals ruled on the facial validity of the ordinance but declined to rule on appellant's claim of selective enforcement of the ordinance. We affirm the Court of Appeals holding that the ordinance is constitutional; however, we modify that opinion to the extent that it held that the issue of selective enforcement was not ripe because no enforcement proceeding has been initiated by the City of Oxford. We find that the question of selective enforcement is ripe for review but that the appellant failed to demonstrate that the statute was selectively enforced in an unlawful manner.

At the outset, before reciting the relevant facts, it is appropriate to note that the appellant expressly states that the rights it asserts are not those protected by the first amendment to the United States Constitution or by the religious liberty clause of the North Carolina Constitution, N.C. Const. art. I, § 13.

The City of Oxford enacted a zoning ordinance in 1970. The ordinance included a provision requiring that all parking areas, except those attached to single family dwellings, be surfaced with "a stabilized all-weather material capable of carrying without damage, the heaviest vehicle loads that can reasonably be regularly anticipated on such surface." City of Oxford, Zoning Ordinance, § 502.7.3.

In 1972, Grace Baptist Church was built in a residential zone pursuant to a special use permit that required the church to be built in accordance with the ordinances of the City of Oxford. The church property includes a parking lot adjacent to the sanctuary; the parking lot is gravel based with grass and has two entrances that lead onto the street.

Appellant instituted this declaratory judgment action in November 1982. Appellant alleged that portions of the Oxford ordinance of 1970 were unlawful in that they deprived appellant of

due process of law and denied it equal protection of the law. Specifically, appellant challenged sections of the Oxford ordinance regulating the size of signs and requiring paved off-street parking. In an answer filed on 2 February 1983 the defendant city moved that the action be dismissed and that the church be ordered to cease using the property in violation of the zoning ordinance.

A hearing was held at the 9 September 1985 Civil Session of Superior Court, Granville County, Judge Henry Hight presiding. In an order filed on 17 September 1985, the court made findings of fact and concluded that the sign ordinance had been selectively enforced against the appellant and that such enforcement violated the due process and equal protection clauses of the state and federal constitutions. The court also found that the ordinance requiring paved off-street parking was valid on its face and was not administered in a discriminatory manner.

Appellant appealed that portion of Judge Hight's order declaring that the requirement of paved off-street parking is constitutionally valid on its face and as applied. The Court of Appeals, in an unpublished opinion, affirmed the finding of the facial validity of the ordinance. However, the Court of Appeals did not address the question of whether the challenged ordinance had been selectively enforced, inasmuch as it found that no enforcement action had been brought against appellant.

I.

[1] First we address appellant's challenge to the facial validity of the challenged ordinance. Appellant concedes that the city, in the exercise of its police power, may require that a church maintain an off-street parking area adequate in size to accommodate all vehicles regularly coming to the church. Specifically, appellant challenges the requirement that the off-street parking area be paved.

In addressing appellant's contentions, we are guided by some well-established principles of municipal law. Under the authority granted by the General Assembly, a city may, by ordinance,

> define, prohibit, regulate, or abate acts, omissions, or conditions, detrimental to the health, safety, or welfare of its citi-

zens and the peace and dignity of the city, and may define and abate nuisances.

N.C.G.S. § 160A-174(a) (1982). Grants of power are to be broadly construed to include any additional and supplementary powers that are reasonably necessary to effectuate the grant of power. N.C.G.S. § 160A-4 (1982). In reviewing an ordinance to determine whether the police power has been exercised within constitutional limitations, this Court does not analyze the wisdom of a legislative enactment. *Town of Atlantic Beach v. Young*, 307 N.C. 422, 298 S.E. 2d 686, *appeal dismissed*, 462 U.S. 1101, 77 L.Ed. 2d 1328 (1983).

When a zoning ordinance is challenged on the grounds that it violates due process, the test of its constitutionality is whether it bears some reasonable relation to the legitimate objectives of the police power. *Euclid v. Amber Realty Co.*, 272 U.S. 365, 71 L.Ed. 2d 303 (1926). A municipality's assertion that an ordinance has been enacted for the public welfare is not sufficient, in itself, to bring the ordinance within the valid exercise of its police power. *Town of Atlantic Beach v. Young*, 307 N.C. 422, 298 S.E. 2d 686.

Applying the foregoing principles, we turn to appellant's contention that the ordinance requiring paved off-street parking is not related to any legitimate end. We observe that requirements for paved parking are widespread, although some municipalities are rethinking such requirements. 4A N. Williams & J. Taylor, *American Planning Law* § 108.07 (1986). That the practice is widespread, however, does not make it constitutional. Nevertheless, it is clear that the requirement of paved parking areas is based on definite advantages in connection with drainage, prevention of erosion, and appearance. *State v. Larson Transfer and Storage, Inc.*, 310 Minn. 295, 246 N.W. 2d 176 (1976) (upholding, against due process challenge, city ordinance requiring paving of off-street parking areas). We therefore reject appellant's argument that the requirement of paved off-street parking is unrelated to a legitimate end.

II.

[2] Appellant next argues that the Oxford ordinance violated the equal protection clause of the fourteenth amendment because it was selectively enforced against the church. U.S. Const. amend.

XIV. The Court of Appeals declined to rule on this question because it found that the city had not brought any enforcement action against the church. We find that the Court of Appeals erred in declining to address the question of whether the ordinance, as applied, was selectively enforced against the appellant.

In order to challenge the constitutionality of an ordinance, a litigant must produce evidence that he has sustained an injury or is in immediate danger of sustaining an injury as a result of enforcement of the challenged ordinance. *Town of Atlantic Beach v. Young,* 307 N.C. 422, 298 S.E. 2d 686. *See generally* J. Nowak, R. Rotunda & J. Young, *Constitutional Law,* ch. 2, § 4 (2d ed. 1983).

Appellant's complaint contains an allegation that the city intends to require it to pave its parking lot. This complaint does not, in itself, confer standing. However, the defendant's answer prays that the church be ordered to immediately cease use of its property until "they are in compliance with the said Ordinance." Based upon the answer and the trial court's finding that the city, "at the commencement of this action and presently," intends to enforce the provision requiring paved parking lots, we hold that the church was in immediate danger of sustaining injury. Thus, it had standing to challenge the constitutionality of the ordinance.

## III.

[3] Our inquiry now turns to appellant's allegation that the ordinance was enforced in a selective and discriminatory manner in violation of the federal and state constitutional guarantees of equal protection. U.S. Const. amend. IV; N.C. Const. art. I, § 19.

We note at the outset that the Grace Baptist Church facility was built pursuant to a special use permit under which compliance with the city ordinances, including the parking ordinance, was required. Although the question of whether a condition imposed by the special use permit can be the subject of a claim of "selective enforcement" is an interesting one, we do not address that question, as it was not addressed in the trial court or on appeal by either party.

An ordinance may be valid on its face yet deny equal protection because it is enforced in a discriminatory manner. *Yick Wo v. Hopkins,* 118 U.S. 356, 30 L.Ed. 220 (1886); *Kresge Co. v. Davis,*

277 N.C. 654, 178 S.E. 2d 382 (1971). *See generally* Annot. "Enforcement of Zoning Regulation as Affected by Other Violations," 4 A.L.R. 4th 462 (1981 and Supp. 1986) (collecting cases in which selective enforcement has been raised as a defense to enforcement of zoning ordinances). A party seeking to prove that a municipality's enforcement of a facially valid ordinance amounted to a denial of equal protection must show that the municipality engaged in conscious and intentional discrimination. *E.g., City of Burlington v. Kutzer,* 23 Wash. App. 677, 597 P. 2d 1387 (1979) (bingo games conducted on defendant's premises in violation of ordinance, yet selective enforcement no defense; although another establishment not prosecuted, defendant failed to show discriminatory purpose). Mere laxity in enforcement does not satisfy the elements of a claim of selective or discriminatory enforcement in violation of the equal protection clause. *Kresge Co. v. Davis,* 277 N.C. 654, 178 S.E. 2d 382.

The party who alleges selective enforcement of an ordinance has the burden of showing that the ordinance has been administered "with an evil eye and an unequal hand." *Yick Wo v. Hopkins,* 118 U.S. 356, 373-74, 30 L.Ed. 220, 227. To satisfy this burden, he must demonstrate a pattern of conscious discrimination. *E.g., Bianco v. Town of Darien,* 157 Conn. 548, 254 A. 2d 898 (1969) (that all houses on plaintiff's street violated one or more ordinances does not demonstrate nature of other violations or conscious discrimination). *See* 4 R. Anderson, *American Law of Zoning* § 31.06 (3d ed. 1986).

With the foregoing principles as a guide, we now analyze appellant's claim that the provision of the ordinance requiring paved parking lots was enforced in a discriminatory manner. In support of his conclusion that the paved parking ordinance did not violate the federal or state constitution, Judge Hight found as an ultimate fact that the ordinance had been systematically and uniformly enforced. This finding of fact was supported by ample evidence. Testimony from city officials was to the effect that since the enactment of the ordinance in 1970, the city issued no building permits that waived the requirements of the ordinance. There was also testimony that enforcement proceedings had been undertaken in the courts against one other property owner. The city building inspector twice testified that other churches in town, against whom the ordinance had not been enforced, were

erected prior to the effective date of the ordinance and were thus protected from enforcement proceedings by a "grandfather clause."[2] This testimony was uncontested.

Although it is unnecessary to our decision, we also note that with respect to nine entities identified as subject to the ordinance but without off-street paved parking on the premises, the record is silent as to whether these businesses provided for off-street parking in other facilities, as is permitted by the ordinance. The record is also silent as to whether these businesses obtained variances from the paved parking requirement.

There is no indication that the church was singled out for prosecution as a result of some unlawful purpose. We therefore find that the trial court properly determined that the ordinance was not selectively enforced.

IV.

[4] Finally, we address appellant's contentions that the ordinance denies equal protection of law because of a so-called "grandfather clause" by which buildings erected prior to 1970 are not subject to the paved parking requirement. Appellant argues that there is no sound basis for requiring that buildings built after 1970 maintain paved off-street parking, while exempting from this requirement those buildings constructed prior to the enactment of the ordinance.

The governing principles in determining whether a legislative classification violates the equal protection clause were well summarized in *White v. Pate*, 308 N.C. 759, 304 S.E. 2d 199 (1983):

---

2. Section 501.1.1 of the City of Oxford zoning ordinance provides:

501.1.1: For all buildings and structures erected and all uses of land established after the effective date of this Ordinance, accessory parking and loading facilities shall be provided as required by the regulations of the districts in which such buildings or uses are located and in accordance with the amounts specified in Section 503, Off-Street Parking Space and Section 504, Off-Street Loading. However, where a building permit has been issued prior to the effective date of this Ordinance, and provided that construction is begun within thirty (30) days from such effective date and diligently prosecuted to completion, parking and loading facilities in the amounts required for issuance of said building permit may be provided in lieu of any different amounts required by this Ordinance.

> When a governmental classification does not burden the exercise of a fundamental right or operate to the peculiar disadvantage of a suspect class, the lower tier of equal protection analysis requiring that the classification be made upon a rational basis must be applied. *Vance v. Bradley*, 440 U.S. 93, 59 L.Ed. 2d 171, 99 S.Ct. 939 (1979); *Texfi Industries v. City of Fayetteville*, 301 N.C. [1] at 11, 269 S.E. 2d [142] at 149 [1980]. The "rational basis" standard merely requires that the governmental classification bear some rational relationship to a conceivable legitimate interest of government. Additionally, in instances in which it is appropriate to apply the rational basis standard, the governmental act is entitled to a presumption of validity. *Vance v. Bradley*, 440 U.S. at 97, 59 L.Ed. 2d at 176, 99 S.Ct. at 942-43.

*White v. Pate*, 308 N.C. at 766-67, 304 S.E. 2d at 204.

We note that although appellant is a church, it does not claim that the ordinance works a deprivation of a fundamental right. Rather, the church argues that there is no justification for compelling it to pave its parking lot while not subjecting churches built prior to 1970 to the same requirement. The simple answer to appellant's contentions is that the equal protection clause guarantees equal treatment of those who are "similarly situated." *Maines v. City of Greensboro*, 300 N.C. 126, 132, 265 S.E. 2d 155, 159 (1980). The ordinance in question applies with equal force to all "structures erected and all uses of land established after the effective date [1970] of this Ordinance." City of Oxford, Zoning Ordinance, § 501.1.1.

That a zoning ordinance is prospective, and permits the continuation of existing uses, does not invalidate the ordinance. This Court long ago held that a zoning ordinance's allowance of existing uses does not amount to unlawful discrimination. *Elizabeth City v. Aydlett*, 201 N.C. 602, 161 S.E. 78 (1931) (ordinance that prohibits gas station in certain district not discriminatory because it permits continued use of station existing prior to ordinance). *See also Kinney v. Sutton*, 230 N.C. 404, 411, 53 S.E. 2d 306, 311 (1949) (restrictions against use of property as restaurant or place of public dining; "provision exempting nonconforming structures and uses existing at the enactment of the ordinance has a sound basis and is not unreasonable"). Similar results have obtained in

other jurisdictions where the issue has been presented. *E.g.*, *Puckett v. Paulding County*, 245 Ga. 439, 265 S.E. 2d 579, *cert. denied*, 449 U.S. 836, 66 L.Ed. 2d 43 (1980) (landowner sought variance from ordinance prohibiting operation of auto salvage yard on his premises; neighboring landowner's use of property as auto salvage yard did not result in equal protection violation since neighbor had preexisting conforming use and thus was not similarly situated). *See generally* 1 R. Anderson, *American Law of Zoning* § 6.05 (3d ed. 1986).

For the reasons set forth herein, we find that the challenged portions of the City of Oxford zoning ordinance, as written, do not offend the state or federal equal protection and due process clauses. We also find that the challenged provisions have not been enforced in an unlawful manner and thus reject appellant's claim of an equal protection violation based upon unequal application of the law.

Modified and affirmed.

Justice MARTIN concurring in part and dissenting in part.

I concur with the holding of the majority that the zoning ordinance, section 502.7.3, of the City of Oxford is not unconstitutional on its face. However, I dissent from the holding of the majority that the ordinance was constitutionally applied to the plaintiff Grace Baptist Church of Oxford.

I find that in the application of the ordinance to the Grace Baptist Church, the church was denied the equal protection of the laws as guaranteed by article I, section 19 of the Constitution of North Carolina. This constitutional protection is not limited to the enactment of legislation but extends also to the administration and execution of laws that are facially valid. *Maines v. City of Greensboro*, 300 N.C. 126, 265 S.E. 2d 155 (1980); *State v. Wilson*, 262 N.C. 419, 137 S.E. 2d 109 (1964). Although the burden is upon the Grace Baptist Church to show a purposeful discrimination upon which it relies, *Kresge Co. v. Davis*, 277 N.C. 654, 178 S.E. 2d 382 (1971), I believe that the evidence in this case is sufficient to raise an inference of such purpose sufficient to support a finding to that effect.

Evidence supporting this contention in the record may be summarized as follows:

REVEREND CECIL NEWTON:

I know of my own knowledge, from personal inspection, there are in the City of Oxford 14 churches which have no off-street parking areas, (naming them); 6 churches (naming them) which have no paved parking areas, in addition to Grace Baptist Church, 1 (Oxford United Methodist Church) which has off-street parking for its staff only, and only 1 (West Oxford Baptist Church) which has a paved parking area. That is the only church in Oxford that has paved parking.

I know of my own knowledge 10 business establishments in the City of Oxford (naming them) which have no paved off-street parking. These include a vacuum cleaner bag plant, a funeral home (changed between 1982 and 1983 from Adams Products Building); another funeral home (which added a chapel in 1982); a park; a doctor's office (a new building in 1984); an apartment house, made into duplex apartments in 1982 to 1983; another apartment house; a Housing Authority Apartments built in 1971 to 1973; another Housing Apartments project built in 1971 to 1973; and a community center, opened from an old school building in 1981-82.

MICHAEL GARFIELD WARD:

I made a point at each church to look at the parking facilities available. Oxford Baptist Church, on Main Street, had a place for about 6 or 8 cars and staff parking, nothing else; Oxford Presbyterian Church had no parking at all; Mount Calvary Holy Church, on Lanier Street, had a little place to park but no paved parking lot; Delrayno Baptist Church, on College Street, had a parking lot but it was not paved; Morning Star Baptist Church, on Roxboro Road, had one but it wasn't paved; New Light Baptist Church, on Goshen Street, had one but it was not paved; Grace Baptist Church had one and it was not paved; West Oxford Baptist Church had a parking lot, the only parking lot that was paved; Oxford Church of God had a small area of parking but it was not paved; Mount Zion Holy Church on Orange Street,

did not have a parking lot at all; New Hope Baptist Church didn't have hardly a street to park on.

Satterwhite's Funeral Home did not have a paved parking. A. J. Weinstein was parking on the street and sidewalk. WCBC had no paved parking. The Apartments on College Street, 206 and 208 College Street, had no paved parking. On Hillside Drive, the Housing Authority, and Crescent Drive Housing Authority did not have paved parking.

B. FRANK WHITE:

I am familiar with the Satterwhite Funeral Home and Attorney Darby's office space in the old Adams Company building on Hillsboro Street. There has been a recent change in usage and that is reflected in the Plaintiffs' evidence as a parking violation, which is accurate.

I am familiar with the College Street Apartments. It was two duplex apartments built after the adoption of this Ordinance, which I failed to recognize on this map (Plaintiffs' Exhibit 8) that do not have paved off-street parking, and should be.

I am familiar with the A. J. Weinstein property on Broad Street, which was changed about 1981 to a vacuum bag processing. It is indicated on this map (Plaintiffs' Exhibit 8) as an off-street parking violation, which it is.

I am familiar with the apartments on Cherry Street. They were built since the enactment of this Ordinance. It is correct that they have no off-street paved parking.

I am familiar with the WCBQ Radio Station. It is correct that it has no paved, off-street parking.

I am familiar with the Granville County Community Center which was the old school building on Orange and Spring Streets. It was converted to the Community Center about 1981-1982. That is correctly shown in Plaintiffs' evidence (Plaintiffs' Exhibit 8) as an off-street parking violation.

I am familiar with the Illusions Club on Granville and Hillsboro Streets. It is a nightclub. It may have changed

owners or operators but it was being used as some type of night club prior to the adoption of this Ordinance. At one time where the car wash is on Board Street they had leased that property for off-street parking, and then later they changed hands and the lot was sold for a car wash. They do not have off-street parking now. All of that occurred since 1970.

I am familiar with the Hughes Brothers Garage on Granville Street which has been changed to Mitchell Trucking. It does not have off-street parking.

I am familiar with Newton's Welding Machine on Granville Street. That does not have off-street paved parking.

All of these places came into being since the enactment of the Ordinance in 1970. A lot of these buildings were in existence before then. They have changed uses, and like all other Ordinances and all other laws, has not been enforced in its entirety.

The city contends that the church buildings described above were erected before 10 March 1970 and are thus exempted from the provisions of the ordinance. However, there is no direct specific evidence as to when any of the church *buildings* were erected. There are only vague opinions expressed, such as "in my opinion" and "I would say that, to the best of my knowledge," that the "churches" were in "existence" before 1970. There is no explanation of the word "churches," whether it means church building or the church itself. I do not find this testimony to be sufficient to support the trial judge's conclusion that the ordinance had been uniformly enforced with respect to the parking requirement.

It is to be noted that the trial judge failed to make any factual finding as to when the various church buildings were erected. However, the trial judge did find that the sign portion of the ordinance was selectively enforced against Grace Baptist Church.

The city's own evidence, through B. Frank White, its building inspector, shows that at least nine and perhaps more violations of the zoning ordinance have been permitted by the city and that the city has only initiated proceedings against the Grace Baptist Church for violation of the zoning ordinance. It thus appears upon

the face of the record that the Grace Baptist Church has been singled out for prosecution. There was further sworn testimony by Reverend Cecil Newton that Mr. Ragland, City Manager of the City of Oxford, made the following statement at a meeting of the city council: "We do not want your Gospel preached here; do not need it and want you to take it elsewhere." Although Mr. Ragland denied making this statement, this testimony is sufficient to establish an intent on behalf of the city to practice intentional, purposeful discrimination against the Grace Baptist Church. While the actions of public officials are presumed to be regular and done in good faith, *Maines v. City of Greensboro*, 300 N.C. 126, 265 S.E. 2d 155, I find that the entire testimony on the record is sufficient to rebut the presumption. The Grace Baptist Church has produced sufficient evidence to show that actions as to it were unequal when compared to others similarly situated.

For these reasons I would modify the decision of the Court of Appeals by holding that the city ordinance has been applied to the Grace Baptist Church in violation of its equal protection rights under the Constitution of North Carolina.