REBECCAH JOYCE BROWN AND GLEN HAMPTON HOUSE, INC., Plaintiffs v. THE CITY OF GREENSBORO, Defendant

No. COA99-472

(Filed 21 March 2000)

**Civil Rights— uneven enforcement—parking regulations**
   The trial court did not err by granting summary judgment for defendant-City in an action alleging discrimination in the uneven enforcement of required parking space regulations for businesses. Even if plaintiff's assertion that several businesses in the same neighborhood do not obey current regulations is true, plaintiff neither alleged nor presented evidence that the City engaged in conscious and intentional discrimination, done with "an evil eye and an unequal hand." Evidence that parking enforcement is not uniform does not alone support the conclusion of illegal discrimination; moreover, plaintiff did not address whether any of the non-uniform businesses adhered to previous regulations or whether any variances were granted for illegitimate reasons.

Appeal by plaintiffs from order entered 18 November 1998 by Judge Henry E. Frye, Jr. in Superior Court, Guilford County. Heard in the Court of Appeals 17 February 2000.

*Douglas, Ravenel, Hardy & Crihfield, L.L.P., by Robert D. Douglas, III, for plaintiff-appellants.*

*Office of the Greensboro City Attorney, by Becky Jo Peterson-Buie, Deputy City Attorney and A. Terry Wood, Chief Deputy City Attorney, for defendant.*

WYNN, Judge.

To survive a motion for summary judgment, a plaintiff must be able to provide evidence tending to establish all essential elements of her claim. In the case at bar, the plaintiff, Rebeccah Joyce Brown, argues that the City of Greensboro illegally discriminated against her by unevenly enforcing its parking requirements. However, because Ms. Brown failed to offer evidence of an essential element of her claim—that the City of Greensboro acted in a consciously evil manner—the trial court properly entered summary judgment against her.

The facts pertinent to this appeal show that Ms. Brown owns a tract of land at 104 State Street, Greensboro, North Carolina. She is the president of Glen Hampton House, Inc., a hair salon located on the property. (Throughout this opinion, we will refer to the plaintiffs collectively as Ms. Brown.)

Ms. Brown's property contains ten paved, striped off-street parking spaces. When Ms. Brown first purchased the property, it was still being used by Accessory Design Services, a retail store. She began altering the property to make it suitable for use as a hair salon with stations for ten stylists. Glen Hampton House opened in October 1995.

While making the necessary changes to the premises, Greensboro's building inspector, Richard Brown, informed Ms. Brown that she should call the City's Planning Department to determine various requirements for the change in use of the property. The Planning Department told her that her business would need three off-street parking spaces for each salon operator. Since the property had ten spaces, the regulations limited Glen Hampton House to three operators.

On 27 November 1995, Ms. Brown appeared before the Greensboro Board of Adjustment and requested a variance from the minimum off-street parking requirements for her salon. She asked that she be allowed to operate a salon with seven operators (which would have required 21 parking spaces) although she could only pro-

vide ten spaces. The Board applied the criteria provided by N.C. Gen. Stat. § 160A-388(d) (1994) and Greensboro Code of Ordinances § 30-9-6.10 (1993); found that Ms. Brown could still use her property without undue hardship; and voted five to one to deny the variance. Ms. Brown did not appeal that decision.

After being denied a variance, Ms. Brown signed a parking encumbrance agreement with an owner of a tract of land across the street from Glen Hampton House for more parking spaces. The agreement increased her parking spaced to 18, allowing for six operators.

Nonetheless, Ms. Brown conducted an informal survey of the surrounding businesses in the State Street area—stores, restaurants, and other salons—and found that most businesses did not comply with the *current* parking requirements. She made no determination of whether the properties conformed to *past* parking requirements or whether any variances had been granted for illegal or improper reasons.

On 13 December 1996, Ms. Brown brought an action in the Superior Court of Guilford County alleging that the City of Greensboro discriminated against her in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the North Carolina Constitution by enforcing its parking requirements against her but not against other businesses in the area. The City of Greensboro denied the allegation and moved for summary judgment. Superior Court Judge Henry E. Frye, Jr. granted summary judgment for the City of Greensboro and Ms. Brown appealed to this Court.

Ms. Brown argues that the trial court erred in granting summary judgment in favor of the City of Greensboro because there are issues of fact which preclude the court from granting summary judgment. We disagree because even if her factual allegations are true, Ms. Brown cannot establish an essential element of her claim.

Summary judgment is proper when, upon consideration of the pleadings, interrogatories, admissions and affidavits, there is no genuine issue as to any material fact, and a party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56(c). Summary judgment should be granted in favor of the defendants if the record shows the absence of evidence tending to establish an essential element of the plaintiff's claim. *See Anderson v. Canipe*, 69 N.C. App. 534, 537-38, 317 S.E.2d 44, 47 (1984).

**BROWN v. CITY OF GREENSBORO**

[137 N.C. App. 164 (2000)]

Greensboro Code of Ordinances, Table 30-5-3.1 (1993), requires a beauty salon to have three paved, striped off-street parking spaces for each operator station, plus one additional space for each non-operator employee. Retail establishments need one paved, striped off-street parking space for every 200 square feet of gross area. Restaurants need one paved, striped off-street parking space for every four chairs, plus two additional spaces for every three employees in the largest shift.

The parking requirements set forth in Table 30-5-3.1 are qualified by Greensboro Code of Ordinances § 30-4-11.2 (1993), which reads in pertinent part,

> . . . any nonconforming use legally existing at the time of adoption or amendment of this Ordinance, or any nonconforming use created by the extension of the jurisdiction, may be continued subject to conditions provided in Section 30-4-11.2(B).

This ordinance allows businesses that were in operation before the enactment of the current parking requirements to continue to use the same number of parking spaces they already used. In other words, the ordinance is a grandfather clause.

In *Grace Baptist Church v. City of Oxford*, 320 N.C. 439, 358 S.E.2d 372 (1987), our Supreme Court set forth guidelines to determine when a municipality is illegally discriminating against a resident. The Court held that "mere laxity" in enforcing a regulation does not satisfy the elements of the claim of discriminatory enforcement in violation of the equal protection clause. *Id.* at 445, 358 S.E. 2d at 376. Instead, the party alleging selective enforcement must demonstrate a pattern of conscious and intentional discrimination, done with "an evil eye and an unequal hand." *Id.* (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74, 30 L. Ed. 220, 227 (1886)). Further, the Court held that there is no illegal discrimination when a city prohibits one owner from using his property in a certain way while permitting his neighbor in the same zone who has been using his property in this way in the past to continue so using. *Id.* at 447, 358 S.E.2d at 377.

In the case at bar, Ms. Brown contends that several businesses in the neighborhood of Glen Hampton House do not obey the current parking requirements. However, even if this factual assertion is true, Ms. Brown neither alleged nor presented evidence showing that the City of Greensboro engaged in conscious and intentional discrimination, done with "an evil eye and an unequal hand." *See Yick Wo, supra.* While she presented evidence that the enforcement of the parking

requirements was not uniform, that evidence alone did not support her conclusion of illegal discrimination. Moreover, she did not address whether any of the non-uniform businesses adhered to previous parking requirements, nor did she demonstrate that any variances were granted for illegitimate reasons. Since she failed to meet her burden of proof that the City of Greensboro illegally discriminated against her, Judge Frye properly awarded summary judgment in favor of the City of Greensboro.

Affirmed.

Judges MARTIN and HUNTER concur.